Skinner v. The Chicago & Rock Island Rail Road Company.

WEDNESDAY, OCTOBER 16.

*Peters & Ingalls* for the appellant.

*House, Brayton & Wattson* for the appellee.

12  191
98   54

SKINNER v. THE CHICAGO & ROCK ISLAND RAILROAD COMPANY.

1. PLEADINGS IN REPLEVIN.  Where the petition in an action of replevin alleges the right of possession as in the plaintiff, an answer which does not specifically deny this in words, but states facts which under the law would defeat the plaintiff's action, is sufficient.

2. RAILROAD COMPANY: RECEIPT.  A railroad company has the right to require a receipt, showing that goods, when delivered to the owner, were in good order; and the owner has an equal right to examine the

goods to be delivered before executing such receipt. Such examination should be made at the place of delivery, and before removal.

3. DEMURRER. When an answer presents several distinct and separate defenses to the action, any one of them may be assailed by demurrer. Rev. 1860, § 2880.

*Appeal from Scott District Court.*

WEDNESDAY, OCTOBER 16.

REPLEVIN for a box of books. In setting out the alleged cause of detention, the plaintiff, in his petition, states that the books were shipped to him at Davenport, from a point in New York; that upon their arrival in Davenport, he applied for the same, paid the freight, and delivery was refused " because plaintiff refused to sign a receipt that the said goods were received in good order, until he had a chance to examine the said property, which he believes has been damaged."

The answer admits the receipt of the goods, and avers that " when the plaintiff called for said box, defendant offered to, and tendered the same to plaintiff, and then, and there, demanded of him a receipt for said box, according to the usual custom and usage of said company, of which usage and custom plaintiff then and there had notice; deny that they refused to deliver, and detained the same because plaintiff refused to sign a receipt that the goods were received in good order, until plaintiff had a chance to examine the same; deny that said goods were damaged; deny that when he refused to sign said receipt, plaintiff claimed the said property was damaged."

To this answer there was a demurrer, which was overruled, and plaintiff appeals.

*O. W. Skinner,* pro se.

*Cook & Drury* for the appellee.

WRIGHT, J.—Plaintiff claims to be the owner, and entitled to the present possession of the books. The ownership is not in controversy. And though plaintiff may aver that he is entitled to the immediate possession of the property, and though defendants may not deny in terms this averment, yet if from the whole answer it appears that the possession is rightfully in them, it will be good. A plaintiff may aver in his petition this right, and yet state such other facts as clearly show that the right is in another. If so, the facts stated will be held to control the general averment or conclusion stated by the pleader, and the petition would be bad. So, while a defendant is held as admitting matters in the petition not denied, this denial is not to extend to conclusions found upon facts stated. Nor is the pleader required to deny the petition in its very words. If he states facts which under the law would defeat the plaintiff's action, the assumption that plaintiff is entitled to recover because there is no denial of the facts alleged by him, is not tenable.

In this case the plaintiff, as was his duty, undertakes to state "the facts constituting the alleged cause of detention" of the property in controversy. (Clause 5, § 3553, Rev. 1860.) Briefly stated, that cause was: that he believed the goods to be damaged, and would not sign a receipt acknowledging that they were received in good order, until he had an opportunity to examine the same; that because he would not do this, they were refused him. The answer denies that the goods were damaged; denies that plaintiff so claimed at the time he applied for them; avers that they were tendered to him upon condition that he sign the receipt usual upon such delivery; and then follows a negation of the cause of detention in the very words of the petition.

The plaintiff in stating the alleged cause of detention, has certainly not employed the most appropriate language. The answer is in this respect equally defective, but when taken

in connection with the other matters stated, is not assailable by demurrer. The answer being true, as admitted by the demurrer, the goods were not damaged; the plaintiff did not so claim at the time; he had permission to take them upon signing the receipt, and an opportunity to examine them was not denied him. If the goods were not damaged, we entertain no doubt of the right of the company to exact the receipt before delivering the same. Before paying freight or executing the receipt, it was equally the right of the plaintiff, if he desired, to examine the cargo. This examination should be made, unless otherwise allowed, at the place of delivery and before its removal. The right to exact such receipt is upon the principle, that in view of the nature of their business, their duties and liabilities, they may establish such rules and regulations as may conduce to the convenience and safety of themselves, and of the public. Of course, such rules, must be reasonable, and lawful. And we can certainly conceive of no more reasonable rule, nor one that would tend more to the necessary protection and convenience of a company engaged in the business of common carriers, than that which requires a receipt upon the delivery of a cargo. They have transactions with hundreds of persons, perhaps every day, are constantly delivering packages of greater or less value, and to say that they might not by the action of the board of directors, or that of the officer having charge of that particular branch of the business, make such a regulation, would take from them a power necessary for their own protection, and the exercise of which could not reasonably injure any one. (5 Am. L. Reg. 364. *Manhew* v. *M. & M. R. R. Co.*)

The question under the demurrer is, not whether a part of the answer presents a defense to plaintiff's action, but whether taken all together it is assailable. If the defense had been stated in divisions, or if the answer

had set up several distinct grounds of defense, then any one of these divisions might have been attacked by demurrer, and a part held good, and others bad. In this case, however, the answer does no more than take issue upon the matters really in controversy between the parties, and being so, we can not understand upon what principle it can be held defective. (Rev. § 2880, and notes.)

Affirmed.