|  |  |
|---|---|
| 12 | 287 |
| 80 | 566 |
| 12 | 287 |
| 98 | 53 |
| 12 | 287 |
| 102 | 115 |
| 12 | 287 |
| 113 | 653 |
| 12 | 287 |
| 126 | 385 |

CARTER v. THE HUMBOLDT FIRE INSURANCE COMPANY.

1. INSURABLE INTEREST. A legal or equitable title to the property insured, is not necessary to constitute an insurable interest. Any interest is insurable when the injury thereto which is insured against would bring upon the insured, by its immediate and direct effect, a pecuniary loss.

2. SAME: MECHANICS LIEN. A mechanic's lien constitutes an insurable interest.

3. ASSIGNMENT OF POLICY: CONSENT. A policy of insurance may be assigned after the occurrence of the loss insured against, without the consent of the insurer.

4. AGREEMENT OF LIMITATION. A party to a policy of insurance may agree that an action on the policy shall be barred, if not commecned within a specified time.

5. PLEADING: SAME. But under the Code of 1851, such an agreement should be pleaded by answer, and could not be presented by demurrer.

*Appeal from Dubuque City Court.*

MONDAY, OCTOBER 21.

THE petition in this case is founded upon a policy of insurance issued by defendant to Messrs. Berry & Playter, on the 20th day of October, 1857, to secure them to the amount of two thousand dollars against loss by fire. The interest insured was a mechanic's lien upon the premises, on

Carter v. The Humboldt Fire Insurance Company.

which the St. Cloud Hotel was erected in the city of Dubuque. The loss occured in January, 1858, a statement of which, duly verified, was at once presented to defendant. In March, 1858, said Berry & Playter commenced a proceeding to establish their mechanic's lien which was duly recognized in July, 1859, by a judgment of the District Court, to the amount of $4130. In May 1858, the said Berry & Playter assigned for value the policy to Jennings, who in July following, transferred the same to plaintiff. The petition also alleges that plaintiff by assignment, holds so much of said judgment of $4130 as is covered by said policy, and that his damage in consequence of the fire covers the entire policy, &c. A demurrer was overruled to the petition, from which defendants appeal.

*Wilson, Utley & Doud* for the appellants.

I. A mechanic has no lien on the land or the building erected upon it, for his work performed or materials furnished, till the same is established by an order and judgment for the amount found to be due the mechanic. Code of 1851, §§ 987, 981 and 984. In order to recover upon a policy of insurance, a loss must be proved against which the mechanic is entitled to an indemnity, and for this purpose there must be shown, not merely an injury to the subject matter insured, but an interest in the mechanic which that injury has affected. That interest must be a right which the mechanic has in the property, or a right derivable out of some contract about the property, which in either case may be lost upon some contingency affecting the possession or enjoyment. *Columbia Insurance Company* v. *Lawrence*, 2 Pet., 151; *McGiveng* v. *The Fire Insurance Company*, 1 Wend., 85; *Conrad* v. *The Atlantic Insurance Company*, 1 Pet., 386. It is well settled that a contract must have a subsisting legal existence, and must be susceptible of being

enforced by the parties, as between themselves, in order to confer an insurable interest, or a right of action against the insurer. 2 Am. L. C., 397. A right to lien which would be tantamount to a contract if established, but which has not been established, or which has not a subsisting legal existence, where the policy is effected or the loss sustained, does not constitute an insurable interest. Almost any qualified property in the thing insured may be the subject of insurance. *Smith* v. *Lascelles,* 2 T. R. 188; *Grant* v. *Parkinson,* Park. on Ins., 267; *Putnam* v. *The Mercantile Insurance Company,* 4 Met. 386; *Angell on Ins.,* § 56. The following cases show either a direct legal or equitable title or interest in the party to the property insured; and in no case is there an insurable interest short of such legal or equitable interest. *Bisby* v. *The Franklin Insurance Company,* 8 Pick, 86; *Strong* v. *The Manufacturing Insurance Company,* 10 Ib., 40; *Rider* v. *The Ocean Insurance Company,* 20 Ib., 259; *Kerney* v. *Clarkson,* 1 John., 385; *Gorden* v. *Massachusetts Fire and Marine Insurance Company,* 2 Pick., 249; *Oliver* v. *Green* 3 Mass. 133; *Locke* v. *The North American Insurance Company,* 13 Ib., 61; *The Aetna Fire Insurance Company* v. *Tyler,* 12 Wend., 507; Parsons Mer. L. chap. 19, § 3. A lien does not become an insurable interest until all has been done whice is necessary to give it legal effect and validity. 1 Am. L. C. 408; *Seamans* v. *Loring,* 1 Mason, 127; 2 Phil. on Ins., 31; *Old* v. *Eagle Insurance Company,* 4, Mason, 390; *Lucene* v. *Crawford,* 2 N. R., 324; 3 Yates, 458; Angell on Insurance, § 69.

II. The mechanic's lien when established, creates no greator interest in the premises, than any other judgment lien; and differs from other judgment liens only as to the time from which it takes effect. A judgment lien creates no interest in the party to real estate; but a sale by virture

of an execution issued on such a judgment, will create an interest in the purchaser which may be insured.    *Conrad* v. *The Atlantic Insurance Company*, 1 Pet., 386.

III. The petition is defective in not alleging that David, the insurer, was the owner, or had an interest in the building insured.    Such averment is material, and without it no cause of action is stated.    *Dixon* v. *La Farge*, 1 E. D. Smith R., 722.

IV. In effect the secureity is insured, and it is necessary in such case; where there has been a loss or damage by fire, to aver that the remaining premises are not of sufficient value to discharge the principal debt.    In this case the petition shows that a part of the building yet remains. Par. Mer. L. chap. 19, § 3, p. 509 ; *Smith* v. *Insurance Company*, 17 Penn., 260 ; *Flanagen* v. *Camden Mutual Insurance Company*, 1 Dutcher (N. J.) 506.

V. The contract upon which suit was brought provides that if suit is not brought within six months after loss, the contract shall be null and void.    The loss is avered to have happened on the 21st day of January, A. D. 1858, and the suit was commenced on the 21st day of September, 1859, more than one year after the loss.    *Gray* v. *The Hartford Fire Insurance Company*, 1 Blatchford's C. C. R., 280 ; *Ames* v. *The New York Union Insurance Company*, 4 Ker., 253 ; *Portage Insurance Company* v. *West*, 6 Ohio, 599 ; Phil. Ins., § 21, 71; Broom's Legal Maxims, 439 ; *Ogden* v. *Saunders*, 12 Wheat., 213.

*Henry S. Jennings* for the appellee.

LOWE, C. J.—In the consideration of this case, we are limited to those questions under the demurrer which refer themselves to the substance of the action, and not those which can only be taken advantage of by motion, or by way of defense.

The principal and most important question is, whether a mechanic's lien is an insurable interest.  Insurance is a contract of indemnity with a person, who has an interest in the preservation of the property, 3 Met., 66; or a limited, qualified interest in property, or any reasonable expectation of property, or advantage to be derived from property, is insurable.  Angell on Ins. § 56.  A common carrier having a lien on the cargo for his freight and charges given by law, has an insurable interest in said cargo to the amount of his charges, and therefore we find that the custom obtains of insuring the freight list by all steamboat or river men.  Warehousemen have an insurable interest in property in store and held for sale on commission, to the amount of their charges.  The law gives the lien to the carrier and warehouse-man as a security, and the insurable interest exists prior to the time when the lien is enforced by proceeding at law, and the amount of the charges is liquidated and reduced to the form of a judgment.  It is not necessary to constitute an insurable interest that a party should show either a legal or equitable title in the property insured, but as the contract of insurance is one of indemnity against losses and disadvantages, an insurable interest may be shown in the assured without the evidence of any legal or equitable title to the property insured.  It is very clear that the term interest, as used in reference to the right of insurance, does not necessarily imply property.  Angell on Ins., § 56; Parson's Merc. Law., chapter 19, § 3, page 507.

It may be said generally, that any interest may be insured, if the peril against which insurance is made, would bring upon the insured, by its immediate and direct effect, a pecuniary loss.  Thus if a vessel is attached, it has been held that a person who has given a bond to have her forthcoming, according to certain stipulations, has an insurable interest in the vessel.  13 B. Monroe, 311.  A bailee, if he has a lien, or is responsible for any risk on the property bailed,

may insure it. 2 Sandford, 490; 12 Barb., 395. In general, all persons who have a lien on any property, or who may make any pecuniary gain out of property, as factors on commissions, consignees, agents, carriers or other bailees, may insure whatever interest they have. 2 Parson's Mari. Law, 74, 77 and 83, and notes; 5 Metc., 386. HUBBARD, J., in delivering the opinion in this last case, held the following language: "The law of insurance has been most reasonably extended to embrace within its provisions, cases where the parties having no ownership of the property have a lien upon it; or such an interest connected with its safety, and situation as will cause them to sustain a direct loss from its destruction."

The lien of a mechanic is created by law, and is intended to be a security for the price and value of work performed and materials furnished, and as such it attaches to and exists on the land and the building erected thereon, from the commencement of the time that the labor is being performed, and the materials furnished; and the mechanic has an actual, positive interest in the building anterior to the time of its recognition by the court, or the reducing of the amount due to a judgment. And that too in such a sense, as that it is possible for it to be destroyed by fire, so that the mechanic shall lose the entire value and price of his labor and materials. Hence it is something more than a mere claim to a lien. It is *defacto* as much a lien or security before judgment, as a mortgage is a lien prior to a foreclosure; and therefore an insurable interest. Counsel for appellant insist that a mechanic's lien amounts to nothing until its establishment by a court of record. The practical effect of this doctrine would enable any subsequent purchaser, attaching or judgment creditor, to deprive the mechanic of the benefits which the law was supposed to confer on him.

It is further claimed that books of authority furnish no precedent in which a mechanic's lien is recognized as an

nsurable interest. And it may be said, perhaps, with equal safety, that there are no authorities to be found against its recognition. However this may be, it is understood that a mechanic's lien, as now provided by the statute, is the creature of modern legislation; that it does not differ in principle, or in its nature from another class of interests, which, by the authorities, and in the elementary works, have been held to be the legitimate objects of insurance. We therefore think that such an interest falls within the principles of the cases referred to, and that the court below did not err in overruling the demurrer for this cause.

Another ground of demurrer was, that contrary to the terms of the policy, it was assigned to plaintiff without the consent of the defedants. The assignment by the insured occurred after the loss. Under such circumstances, it is now well settled that it is equivalent to the assignment of the debt created and matured by the loss. The reasons for prohibiting the assignment of the policy, without the consent of the company, during the continuance of the risk, are supposed not to exist after the loss takes place, which fixes the liability of the defendant; and of course he can recieve no detriment by a change of ownership of the claim, especially as the company can set up the same defences against the assignee, as they could against the insured. 3 Smith, (N. Y.) 615; 2 Hall, (S. C.,) 372; 5 Pick., 79; 2 Duer on Ins., 64-5-6; 1 Iowa, 404.

Again, it is urged as an objection to the petition that the policy was assigned, and the claim or interest remained the property of Berry & Playter, and that the separation of the policy from the interest insured, rendered the former inoperative and void. The record as we read it, exhibits a different state of facts. The petition, it is true, shows that the mechanic's lien, or claim was presented and established by the court, in the name of Berry & Playter, to the amount of $4130. But it also distinctly avers that the plaintiff

Carter v. The Humboldt Fire Insurance Company.

held by assignment, so much of said claim, as was covered by the policy, so that, as a matter of fact, the objection has no foundation.

Lastly, it was claimed that this suit was not well instituted, because it was not commenced within the term of six months next after the loss had occurred, agreeable to the 14th article, of the conditions of insurance attached to the policy, and made a part of the contract of insurance. It is clearly competent for the parties to stipulate that the action should be barred, unless commenced within a stated period. 4 Kernan, 253. Such a stipulation is lawful and valid, and made for the good purpose of adjusting disputed claims, while the facts are fresh in the minds of the parties, and while the evidence may be obtained. *Gray* v. *Hartford Fire Insurance Company*, 1 Blackf., 280; 6 Ohio, 599; Phillips on Ins. § 2171.

Nevertheless, the answer to this objection is, that it should be taken advantage of by plea, and not by demurrer. Such has been the invariable practice, until changed by the Rev., of 1860, under which, however, this suit was not brought. The reason of this charge under our new system of procedure, we suppose is, that in making up the issue between the parties, the pleadings stop with the answer, except where a set-off or cross-claims constitutes the defense. Now under the revised code, if a cause of action has been taken out of the statute of limitations, by a new promise or a waiver, or for any other cause, it must be alleged in the petition, and not set up in the replication, which it was the plaintiff's right to do, by the rules of the former practice, under which the proceedings in this case were instituted, and should be concluded. With regard to the other points in the demurrer, they are not of the substance of the action, and therefore not to be corrected by demurrer, but by motion, or set up by way of defense. In our opinion, the judgment below should be affirmed but remanded for further proceedings, with leave to answer over.