WILLIAM H. REED & another *vs.* EDWARD C. RICHARDSON & another.

A usage of a port that, in order to constitute a delivery of goods by a carrier by water, a receipt for them must be given to the carrier by the consignee or his agent, is a bad usage, and inadmissible as a defence to an action against the consignee for loss of the goods through his negligence.

CONTRACT for the value of three bales of cotton alleged to have been lost through negligence of the defendants, who were consignees thereof at Savannah in Georgia.

At the trial in the superior court, before *Brigham,* J., it appeared that the plaintiffs shipped nine bales of cotton from Lady's Island to Savannah on a sloop, but only six of them were received at the defendants' warehouse; and the issue was whether there had been a delivery of the whole number by the master of the vessel to the defendants. It was agreed that no receipt was taken for them by the master; and the defendants offered evidence of a usage of the port of Savannah that in order to constitute a delivery of water-borne goods by the carrier, it was necessary for a receipt to be given by the consignee or his agent, and that until then the liability of the carrier continued.

The judge excluded this evidence; the jury found for the plaintiffs; and the defendants alleged exceptions.

*R. M. Morse, Jr.,* (*R. Stone, Jr.* with him,) for the defendants.
*J. B. Thayer & A. G. Sedgwick,* for the plaintiffs, were not
called upon.

BIGELOW, C. J.   We infer from the statement in the bill of
exceptions that the liability of the defendants for the value of
the cotton turned on the question whether it had ever been
delivered to them by the carrier who brought it to Savannah in
a sloop, and that they sought to avoid this liability by evidence
of the existence of a well established usage in that city that in
order to constitute a delivery of goods by a carrier by water it
was necessary that a receipt for them should be given by the
consignee or his agent, it being conceded that no such receipt
was taken by the carrier for the cotton the value of which the
plaintiff seeks to recover in this action.   If this is a correct state-
ment of the position of the case at the trial, we think it very
clear that the evidence of the usage was inadmissible, upon two
grounds.

In the first place, if the usage is to be taken without qualifi-
cation, it would relieve parties from responsibility for property
consigned to them, although there might be evidence offered
from which a jury would be authorized to infer that the property
had been received by the consignee or his agent.   In other words,
the evidence offered tended to substitute a particular usage as
positive and absolute proof of a fact, to the exclusion of all other
evidence going to establish the same fact.   Taken literally, the
proposition was to show that by the usage at Savannah there
could be no evidence of delivery of goods which had been water-
borne, unless the carrier could show that he had taken a written
receipt for them from the consignee or his agent.   It is too
plain for argument that no usage can be valid or be recognized
as affecting the rights of parties in a court of law, the effect of
which is to shut out lega. and competent evidence of any facts
material to the trial of an issue.

But, if this interpretation of the usage gives a broader appli-
cation to it than was intended to be made of it at the time by
the counsel for the defendants, we are of the opinion that there
is another decisive objection to it, which rendered evidence of

its existence incompetent. Any usage, in order to be operative as showing a fulfilment of a contract, must be reasonable, so that it may fairly be presumed that parties entered into their contract with reference to it; and it must also be of such a nature that it does not in any degree tend to controvert the well established rules of law. *Dickinson* v. *Gay,* 7 Allen, 34. *Seccomb* v. *Provincial Insurance Co.* 10 Allen, 310–317. *Dodd* v *Farlow,* 11 Allen, 426. It seems to us that the usage in question is both unreasonable and illegal. It is unreasonable because it imposes on a carrier the burden of procuring an act to be done by another person the performance of which he has no power to compel or enforce, or which from design or accident on the part of others it may be difficult or impossible for him to cause to be accomplished. It is no answer to the objection to say that if, through no fault of his own, the carrier cannot comply with the usage, he may then prove delivery of the property in some other manner. This does not relieve the difficulty, because in the contingency supposed he would be obliged to show the existence of facts sufficient to excuse a noncompliance with the usage, before he could be allowed to prove by the ordinary legal evidence that he had fulfilled his contract. No usage to which such a consequence necessarily attaches can be deemed to be consistent with the principle that no unusual or disproportionate duty or burden can be thrown on one of the parties to a contract by local usage or custom.

The usage in question is also objectionable and invalid, for it tends to contravene the fixed rule of law. By the common law a carrier is discharged of his duty when he has made an actual or constructive delivery at the proper time and place. Doubtless usage may regulate the manner of delivery or the time when and the place where it may be made. This would be within the legitimate range of the operation of a usage. But it cannot prescribe or determine that acts which the law declares to be a delivery shall not be sufficient to constitute it. Such was the effect proposed to be given to the evidence in the case at bar Delivery at the appointed time and place would not have proved a fulfilment of the contract, if the usage was to have effect.

*Exceptions overruled.*