GEORGE H. CHRISTIAN, *et al.*

*vs.*

THE FIRST DIVISION OF THE ST. PAUL AND PACIFIC RAILROAD CO.

Defendant, according to its usual course of business at its elevators, weighs the quantity of wheat belonging to a consignee into what is called a delivery bin, from which it can be spouted into consignee's wagon or sacks, at consignee's pleasure.  By a regulation adopted by defendant, a consignee is required to receipt for wheat which has been thus weighed into a delivery bin for him, before taking the same from such bin, and before he can ascertain,— except from defendant's statements,—whether

the quantity of wheat receipted for is in the bin or not. *Held*, as a conclusion of law, that the regulation is unreasonable and void.

The plaintiffs brought this action, in form replevin, in the district court for Hennepin county, and took from the possession of defendant, from its warehouse, a quantity of wheat; claiming to own the same. Defendant in its *answer* claimed to be entitled to the possession of the wheat by virtue of a lien thereon for storage, and for non-compliance of plaintiffs with a regulation of defendant for the delivery of wheat stored in its warehouse or elevator; but the delivery of the wheat appeared to have been in fact based upon the latter ground only. The cause was tried by a jury and a verdict rendered for the defendant, and judgment was entered, from which plaintiffs appeal. The case is sufficiently stated in the opinion.

LOCHREN, McNAIR & GILFILLAN, for Appellants.

BIGELOW, FLANDRAU & CLARK, for Respondent.

*By the Court.*—BERRY, J.—Defendant, according to its usual course of business at its elevator, weighs the quantity of wheat belonging to a consignee into what is called a delivery bin, from which it can be spouted into consignee's wagon or sacks, at consignee's pleasure.

By a regulation adopted by defendant, a consignee is required to receipt for wheat which has been thus weighed into a delivery bin for him, before taking the same from such bin, and before he can ascertain—except from defendant's statements—whether the quantity of wheat receipted for is in the bin or not.

This action is brought to recover a certain quantity of

wheat which had been weighed into a delivery bin for, and as belonging to, plaintiffs, for a part of which, to wit, one thousand bushels, they had receipted, and the balance of which, being between two and three thousand bushels, the defendant had refused to deliver to them, upon the ground that the plaintiffs had refused to receipt for the same before removing it from said bin.

The court, among other things, in the course of its charge to the jury, " in substance, stated to them that the defendant, in dealing with the public in their business as common carriers, had a right, considering the large amount and nature of their business in delivering grain, to establish suitable regulations for the orderly management of the same; and though in particular instances cases of hardship and inconvenience might arise, yet they must yield to the general public interest and the general course and usage of business in the matter, and if in this particular business the defendant had established the regulation requiring wheat to be receipted for in the bin in the manner shown by the evidence, and the plaintiff had previously so dealt with the defendant, having knowledge of such regulation and complied with the same, he must reasonably be presumed to have dealt with defendant having reference to such usage, and he would be bound to comply therewith, and to pay the charges before removing his grain."

The plaintiffs excepted to this instruction, and they insist that the regulation referred to was unreasonable and void, and that, therefore, the court erred in admitting evidence to prove it, and to prove that plaintiffs had before complied with it, and also in charging that they were bound to comply with it. The defendant contends that the reasonableness of the regulation was a question of fact for the jury, and that they have determined it in defendant's favor. But this position overlooks the fact, that though the charge is that defendant

Christian et al. v. The First Division of the St. Paul and Pacific R. R. Co.

may make suitable regulations, etc., yet, by instructing the jury, in substance, that if defendant had established such reg·ulation and plaintiffs had complied with it, they would be bound to comply with it in the future, the instruction withdraws from the jury the question whether the regulation was reasonable or not, and, impliedly, decides that it was reasonable,—for the validity of the regulation depended upon its being reasonable ; and past compliance with a void regulation could raise no obligation to comply therewith in the future.

In the view which we take, however, it is perhaps not very important whether or not the question of reasonableness was passed upon by the jury as a question of fact. As to the authority of a common carrier, like the defendant, to make and enforce reasonable regulations for the conduct of its business, there is no dispute. But as to whether the reasonableness of a regulation is a question for the court or for the jury, the authorities are not harmonious. In New Jersey, it seems that the question is for the jury. *State vs. Overton*, 4 *Zabriskie*, 435 ; *Ayers vs. Morris Railway*, 29 *N. J.* (5 *Dutcher*) 393. In *Day vs. Owen*, 5 *Mich.* 527, the question was treated as one of mixed law and fact. In the following cases the reasonableness of certain regulations was treated and passed upon as a question of law for the court : *Reed vs. Richardson*, 98 *Mass.* 216 ; *Maples vs. N. Y. and N. H. R. Co.*, 38 *Conn.* 557 ; *Hibbard vs. N. Y. and Erie Railway Co.*, 15 *N. Y.* 455 ; *Vedder vs. Fellows*, 20 *N. Y.* 126 ; *State vs. Thompson*, 20 *N. H.* 250 ; *Johnson vs. Railroad*, 46 *N. H.* 220 ; *Skinner vs. C. and R. I. R. Co.*, 12 *Iowa*, 191 ; *Ch. and N. W. R. Co. vs. Williums*, 55 *Ill.* 188 ; *Du Laurans vs. 1st Div. St. P. and P. R. Co.*, 15 *Minn.* 55 ; *and see Redfield on Railways*, 4th Ed., ch. 6, sec. 26

On principle, as well as on authority, we see no reason why the reasonableness of a given regulation is not a question of law, of fact, or of mixed law and fact, according to the cir-

cumstances of the particular case, just as in the instances of reasonable time, probable cause, due diligence, and others of a similar nature. *Cochran vs. Toher*, 14 *Minn.* 385; *Du Laurans vs. First Div. St. P. and P. R. Co.*, 15 *Minn.* 55; *Derosia vs. Winona and St. P. R. Co.*, 18 *Minn.* 142; 1 *Starkie on Evidence*, 512, *et seq.* " Whenever upon particular facts found, the court, by the application of any rules of law, can pronounce on their legal effect     *     *     *     such inference is a matter of law." *Ib.* 513. " If the court, in the particular case, can draw the conclusion by the application of any legal rules or principles, the conclusion is a legal one; for the rules and principles of law must prevail against the opinion of a jury." *Ib.* 517. " Whether in a particular instance the question be of the one class or the other, (*i. e.*, of law or fact) depends simply upon the existence and applicability of a rule of law to the special circumstances, or *res gestae;* if any such rule be applicable, the question is a mere question of law." *Ib.* 519.

Now, in this case there is no dispute as to the fact that the wheat in the delivery bin was the property of the plaintiffs. The defendant claimed no property in the wheat either general or special, nor any right to its present possession; the refusal to permit plaintiffs to take it away being based solely upon plaintiffs' refusal to receipt. The general rule of law which gives the general owner of personal property the right to the immediate possession of the same, and makes it the duty of another person who is in possession of it to deliver it up forthwith upon demand, in the absence of some right of possession on his part, entitled the plaintiffs in this case to the immediate possession of the wheat, and made it defendant's duty to deliver up the same forthwith upon plaintiffs' demand.

But the defendant contends that from the nature of the business in which it is engaged, it is necessary that it should take receipts from parties to whom wheat is delivered from its

elevators before the same is taken therefrom. Considering the nature of defendant's business, and the great number of deliveries, together with the fact that it would be practically impossible to procure receipts save at the option of the receiver of the wheat, unless they were procured before the wheat was taken away, a regulation requiring parties taking wheat from the elevator, in the manner before described, to give receipts for the same before taking it out of the delivery bin, would appear to be reasonable. In other words, the enforcement of such regulation would not appear to impose any undue hardship upon consignees, or to infringe upon, or to place any unreasonable restriction upon, their rights of property, or to attach any unreasonable condition to their right to the immediate possession of the wheat. But the regulation set up by defendant in this instance goes further. It requires consignees to acknowledge, in writing, the receipt of a designated quantity of wheat, when no opportunity has been afforded them of ascertaining whether such designated quantity is in the delivery bin or not. A receipt being always open to explanation by parol or other evidence, it would seem that when the circumstances under which a receipt of this kind was given were shown, the effect of the receipt, as an admission that the designated quantity had been received, would be destroyed; and such is the view taken in 2 *Redfield on Railways*, (*4th Ed.*) *p.* 80, *note* 3; *Redfield on Carriers*, 109. Certainly the defendant ought not to be permitted to place its right to the receipt upon the basis that its true character cannot be shown by proving the circumstances under which it was given. In other words, the defendant should not be permitted to claim the receipt upon the ground that it will be worth any more as an evidence of delivery, than it ought to be worth. If, then, when the *facts* attending its execution appear, the effect of the receipt is destroyed, and it becomes

valueless as evidence that the quantity of wheat designated in it was received, it is unreasonable for defendant to require it, for the simple reason that it is an idle formality, annoying to the consignee, and of no use to the defendant.

On the other hand, to permit the receipt to have the effect of a *prima facie* binding admission that the quantity designated had been received, either by excluding proof of the circumstance attending .the execution of the receipt, or by treating such proof as insufficient to destroy the effect of the receipt, and thereby to throw upon the consignee the burden of disproving the veracity of the receipt, would be to give the defendant an advantage too unconscientious to be tolerated for a moment.    It would give the defendant an advantage to which it is not possible that any rightful claim can be shown, namely, the unjust advantage of forcing the consignee to admit that to be true, the truth of which he has no means of ascertaining.    The enforcement of such a regulation would be neither more nor less than a species of duress in spirit, if not in letter. It would attach to the consignee's right to the possession of his property a condition which we have no hesitation in pronouncing to be not only unreasonable, but tyrannical.    *Skinner vs. Chicago and R. I. R. Co.*, 12 *Iowa*, 191 ; *Morris and Essex R. Co. vs. Ayres*, 29 *N. J.* 396-7 ; *Barrett vs. Crystal Palace Co.*, 101 *E. C. L.* 984; 2 *Redfield on Railways*, (3d *Ed.*) *p.* 26, *note* 10. Upon these grounds our opinion is, as a conclusion of law, that the regulation in question is—as a regulation—unreasonable and void.

What we have said has, of course,. no bearing upon the issue made as to whether the plaintiffs and defendant had entered into an agreement by the terms of which plaintiffs were to give receipts of the kind spoken of.    The existence of such agreement is, of course, a mere question of fact, and

we know of no reason why it would not be competent for the parties to enter into it and to bind themselves thereby.

With regard to the one thousand bushels of wheat in the delivery bin for which plaintiffs had receipted, (unless there was an agreement that *all* the wheat in the bin should be receipted for before any of it was taken away,) we see no reason why plaintiffs would not have been entitled to recover for the same if they had demanded it specifically. But the demand made was for all the wheat in the bin, and this would not be a specific demand of the one thousand bushels.

The consideration of the other questions argued in the case, seems to us practically unimportant.

The judgment is reversed, and a new trial awarded.