## MOORE v. THE STATE INS. CO.

1. **Fire Insurance:** POLICY LIMITING TIME OF ACTION: PUBLIC POLICY: STARE DECISIS. This court has in repeated decisions (see cases cited in opinion) recognized the right of parties to policies of insurance to limit, by conditions therein, the time in which actions may be brought to recover for losses of property insured, and, sustaining such conditions, has held actions to be barred thereunder; and it is now too late to reconsider this doctrine on the ground that such agreements are against public policy.

2. ————: ————: ASSENT BY ASSURED. A provision in a policy of insurance, that an action thereon will be barred unless begun within a designated time after the loss, is assented to by the assured when he accepts the policy.

3. ————: PRELIMINARY AGREEMENTS MERGED IN POLICY. A policy of insurance is the final contract between the parties, and supersedes all preliminary agreements.

4. ————: ACTION ON POLICY: BARRED BY CONDITIONS OF POLICY: DEMURRER. Where, in an action on a policy of insurance, the policy is made a part of the petition, and contains a condition that an action thereon shall not be maintained unless brought within a stated time after the loss, and it appears from the statements of the petition and from the date of the filing thereof, that the action was not begun within that time, *held* that it could properly be assailed by demurrer, under § 2648, subd. 5, of the Code. (See *Carter v. Humboldt Fire Insurance Co.*, 12 Iowa, 287.)

*Appeal from Adams Circuit Court.*

THURSDAY, OCTOBER 6.

ACTION upon a policy of insurance. A demurrer to the petition was sustained, and judgment rendered for defendant. Plaintiff appeals.

*Maxwell & Dale, W. S. Hefling* and *R. A. Moore,* for appellant.

*Cummins & Wright,* for appellee.

BECK, J.—I. The original notice of the commencement of the action was served February 11, 1886, and the petition was filed on the 17th of the same month. The policy in

suit, a copy of which is made an exhibit to the petition, contains these, among other, conditions : "It is hereby agreed that no suit shall be brought for loss under this policy unless commenced within six months of the date of the loss ; any statute or limitation to the contrary notwithstanding." "This policy is made and accepted by the assured on the above conditions and stipulations hereto annexed, which are to be used and resorted to in order to explain the rights and obligations of the parties hereto." The petition shows that the loss occurred August 29, 1884, and there is no allegation of facts intended to waive the conditions just quoted, or to take the action out of the bar raised thereby. The defendant demurred to the petition on the ground that it fails to show a cause of action, for the reason that the suit was not commenced within the time prescribed by the condition of the policy. The demurrer was sustained.

II. This court has in repeated decisions recognized the right of parties to policies of insurance to limit, by conditions therein, the time in which actions may be brought to recover for losses of property insured, and, sustaining such conditions, has held actions barred thereunder. This must be regarded as the settled doctrine of this court. *Carter v. Humboldt Fire Ins. Co.*, 12 Iowa, 287 ; *Stout v. City Fire Ins. Co. of New Haven*, Id., 371 ; *Longhurst v. Star Ins. Co.*, 19 Id., 370 ; *Mickey v. Burlington Ins. Co.*, 35 Id., 175 ; *Ellis v. Council Bluffs Ins. Co.*, 64 Id., 507 ; *Garretson v. Hawkeye Ins. Co.*, 65 Id., 468 ; *Eggleston v. Council Bluffs Ins. Co.*, Id., 308; *Cornett v. Phœnix Ins. Co.*, 67 Id., 388 ; *Bish v. Hawkeye Ins. Co.*, 69 Id., 184. Counsel for plaintiff present an elaborate and able argument in support of the position that the condition of the policy limiting the time within which an action may be brought thereon is against public policy, and is therefore void. They cite many authorities, and present many weighty arguments, in support of their position, which we cannot consider, in

1. FIRE insurance: policy limiting time of action: public policy: stare decisis.

view of our conclusion that the contrary rule is settled by the decisions of this court, and that we cannot now disturb it.

III. Counsel insist that the conditions of the policy in question are void for the reason that they were not assented

*2. ——: ——: assent by assured.* to by plaintiff. The policy is a unilateral contract, and its acceptance by plaintiff operates as an assent to the conditions intended to bind him. These conditions are as obligatory upon him as though he had signed the policy.

IV. Counsel argue, as we understand them, that the preliminary agreement of the parties constituted a contract of

*3. ——: preliminary agreements merged in policy.* insurance, and we infer that they further claim that this preliminary agreement did not contain the conditions in question in this action. It is sufficient to say that the terms of this preliminary agreement are not set out in the pleadings. We therefore do not know what they were. And, if there was such a preliminary agreement as counsel claim, its terms and conditions were superseded by the policy, which is the final contract showing the meeting of the minds of the parties. We must enforce it, and not the preliminary agreement.

V. It is insisted by plaintiff's counsel that the question whether the action is barred by the terms of the policy can-

*4. ——: action on policy: barred by conditions of policy: demurrer.* not be raised by demurrer. The condition limiting the action is in the policy itself, made a part of the petition, which shows on its face when the action was commenced by the filing thereof. It therefore appears by the petition that plaintiff is not entitled to the relief claimed,—a ground of demurrer prescribed by Code, § 2648, subd. 5. See *Carter v. Humboldt Fire Ins. Co., supra.*

The foregoing discussion disposes of all the questions in the case. The judgment of the circuit court is

AFFIRMED.