JAMES H. DUNHAM and Others, Plaintiffs, *v.* THE BOSTON AND ALBANY RAILROAD COMPANY, Defendant.

*Common carrier — its liability continues after the arrival of the goods until the consignee has had a reasonable time within which to remove them.*

This action was brought to recover the value of eleven cases of cotton flannels, shipped by the Worcester and Nashua Railroad Company in the State of Maine, to be delivered at Bondsville in the State of Massachusetts, which were delivered at Worcester to the defendant company. Upon the arrival of the cars containing the cases at Bondsville they were placed upon a side track near the freight house, and notice of their arrival given to the consignee. Within about half an hour from that time, the person having charge of the trucks and teams used in handling the goods of the consignee to and from the depot, consisting of one double and two single trucks, commenced to remove the goods, using all the trucks, and had removed from fifteen to twenty loads of goods when the usual time for stopping work arrived; the truckmen then discontinued the work of removing the goods, leaving about a car load and a-half in the car. On the morning of the following day between the hours of one and two o'clock a fire occurred which destroyed the defendant's freight-house, as well as one of the cars standing on the side track containing the eleven cases of goods, to recover the value of which this action was brought.

*Held,* that the action of the trial court in holding the defendant liable and directing a verdict in favor of the plaintiff should be affirmed.

*Faulkner* v. *Hart* (82 N. Y., 413) followed; *Norway Plains Company* v. *Boston, etc., Railroad Company* (1 Gray, 263); *Rice* v. *Hart* (118 Mass., 201); *Reed* v. *Richardson* (98 id., 216) not followed.

Motion by the defendant for a new trial on exceptions ordered to be first heard at the General Term after a verdict had been directed in favor of the plaintiffs at the circuit.

*Hopper & Jenks,* for the plaintiffs.

*Miller & MacFarlane,* for the defendant.

DANIELS, J :

The verdict was directed for the value of eleven cases of canton flannels carried by the defendant over its railroad to Bondsville, there to be delivered to the Bondsville Dye Works. These cases, with others, were shipped by the Worcester and Nashua Railroad Company in the state of New Hampshire, to be delivered at Bondsville in the State of Massachusetts. They were transported by the Worcester and Nashua Railroad Company to Worcester and there delivered to the defendant to complete their transportation. Upon their arrival at Bondsville the cars containing the cases were placed upon a side track, near the defendant's freight house, and notice of their arrival was given to the consignee. The person having charge of the trucks and teams used in handling the goods of the consignee to and from the depot, was present at the arrival of the train. and within about half an hour after that time, and after notice of the arrival of the cars had been given, he gave directions to the truckman at the depot to take a load of the goods immediately from the car to the dye works, which he did. That, it was stated, was before eleven o'clock in the day. He then reported, at the dye works, the arrival of the goods and instructed all the truckmen to remove them from the cars to the dye works as fast as they could, and he went himself to the depot to superintend the work. They used on that day as many trucks as they had in their employment consisting of one double and two single trucks, and removed from fifteen to twenty loads of the goods, when the usual time for knocking off work arrived, and then the truckmen discontinued the removal of the goods, leaving about a car load and a half which they had not then been able to remove. On the morning of the following day between the hours of one and two o'clock a fire occurred which destroyed the defendants freight house, as well as one of the cars standing on the side track containing the eleven cases of goods which were destroyed by the fire. Three of the cars were removed out of danger, but the fourth, the persons engaged in their removal were unable to remove, and they then endeavored to save its contents. They removed about one-half of the cases in the car when they were driven out of it by the heat and were unable to remove the residue. The court under these circumstances held the defendant to be liable for the loss of the goods and directed a verdict in favor of the

plaintiffs for their value, and to that holding and direction the counsel for the defendant excepted. Whether this exception was well taken is the only point which needs to be considered in the disposition of the appeal.

The cases of *Norway Plains Company* v. *Boston, etc., Railroad Company* (1 Gray, 263); *Rice* v. *Hart* (118 Mass., 201) and *Reed* v. *Richardson* (98 Mass., 216), have a decided tendency to sustain this exception. But these cases have been considered to be exceptional in their construction and application of the law regulating the liability of a common carrier. For ordinarily and generally it has been held that the carrier is not only liable while the property may be in the course of its transit or carriage, but that it continues to be so for such a reasonable period of time as will enable the consignee after notice of the arrival of the goods, with reasonable diligence to effect their removal. This is the principle on which the courts in other States have acted in determining the extent of the liability of the carrier. And under this principle, as the consignees observed proper diligence in their endeavors to remove the goods after their arrival, and were unable to do so by the observance of that diligence before the destruction of this residue by the fire, the defendant was properly held liable for the value of the goods. This legal principle has been held to be, and has been followed as the law in the State of New Hampshire, where these goods were delivered to the first carrier and from which they were received by the defendant. (*Moses* v. *Boston & Maine R. R. Co.*, 32 N. H., 523.) The contract of the carrier was there entered into, and it was under that contract the goods were transported from the place where they were first delivered to the place of business of the consignee. And the force and effect given to such a contract of shipment and carriage by this decision is to support the rule which has already been mentioned. And it has been followed in *Wood* v. *Crocker* (18 Wis., 345); *Wood* v. *Milwaukee, etc., Railroad Company* (27 id., 541); *Parker* v. *Milwaukee, etc.* (30 id., 689), and also in the State of Kansas in the case of *Louisville, Lexington and Galveston Railroad Company* v. *Maris* (16 Kan., 333). And so firmly settled has this rule been considered to be, that in *Faulkner* v. *Hart* (82 N. Y., 413), it was held to control the case of a shipment in which the goods were to be and were delivered in the State of Massachusetts, the court as the case

depended on the principles of commercial law declining to follow the rule indicated by the decisions in that State. These authorities seem to be controlling over this controversy, and they require the motion of the defendant for a new trial to be denied, and judgment directed on the verdict in favor of the plaintiff.

VAN BRUNT, P. J., and BRADY, J. concurred.

Motion for new trial denied, judgment ordered on verdict for plaintiff.