F. B. Albers, Appellant, v. The Western Union Telegraph Company.

98  51
129  328

98  51
135  77

98  51
144  112

**Telegraph Companies: PUBLIC POLICY.** A stipulation to the effect
1 that a telegraph company should not be liable for damages, or
3 statutory penalties, in any case where the claim therefor is not
presented in writing, within sixty days after a message is filed
with the company, is not unreasonable or against public policy,
and discharges the company from liability in cases where such
notice is not given.

**WAIVER.** A waiver of such provision is not shown by mere verbal
2 statements made to, and interviews with, the company's opera-
tors, and indefinite statements as to damages, in the absence of
any claim for damages at the time, in the sense of a demand for
payment of any sum.

**Practice.** The objection that wilful failure of a telegraph company
4 to transmit a message, is a misdemeanor, from which it cannot
relieve itself by a condition as to the time of presenting claims, is
not available to defeat such condition, in an action for damages
wherein failure to transmit a message is not charged to be wilful.

**PLEADING.** A petition which declares failure of a telegraph company
1 to deliver a telegram, must aver compliance with a condition
requiring a written claim for damages to be presented within
sixty days.

*Appeal from Keokuk District Court.*—Hon. A. R. Dewey, Judge.

Monday, April 13, 1896.

Action at law to recover damages for failure to transmit a telegraphic message. There was a demurrer to the petition, which was sustained. From a judgment dismissing the petition, the plaintiff appeals.
—*Affirmed.*

*C. M. Brown* for appellant.

*McNett & Tisdale* and *Cummins & Wright* for appellee.

ROTHROCK, C. J.—I. It is unnecessary to set out the petition in full. It will be sufficient to give the substance of it, so far as it pertains to the single question, which, we think, is decisive of the case. It appears, from the petition, that on the thirtieth day of June, 1894, the plaintiff filed one of the blanks of the defendant, at its office, in Sigourney, in this state, with a message, directed to H. A. Albers, at Center Junction, Iowa, and delivered said message to the defendant's agent at Sigourney, and directed him to transmit it to H. A. Albers, at Center Junction, and that payment was made for the transmission of the message. It is averred that the defendant carelessly and negligently failed to transmit said message as directed, and that plaintiff sustained damages, by reason of said negligence. The message, and the indorsements thereon, are set out as part of the petition, and for the purpose of showing that the defendant is liable for negligence. The contract, among other things, contains this stipulation: "The company will not be liable for damages or statutory penalties, in any case, where the claim is not presented in writing, within sixty days after the message is filed with the company, for transmission." It is not averred in the petition that the plaintiff complied with this provision of the contract within any time, before or after the expiration of sixty days. One ground of the demurrer was, that there was no averment in the petition that the plaintiff complied with this part of the contract. The claim is briefly made, in the argument in behalf of appellant, that a demurrer on this ground, will not lie, but that the failure to present the claim within the time named must be specially pleaded. This position is not well taken. If there is any ground, upon which this part of the contract can be avoided, it must be

set out in the petition; and for failure to do this, a demurrer is the proper pleading, by defendant. *Carter v. Insurance Co.*, 12 Iowa, 287; *Moore v. Insurance Co.*, 72 Iowa, 414 (34 N. W. Rep. 183).

II.   The claim is also made that the averments of the petition show that the stipulation under consideration was waived. We will not set out that part of the petition. It shows merely verbal statements made to, and interviews with, the operators of the defendant, and indefinite statements as to damages. No claim for damages, in the sense of a demand for payment of any sum, was made at any time. We do not think that the averments of the petition show a waiver, even if it should be conceded that the provision may be waived.

III.   We come now to the question involving the validity of the stipulation requiring the claim to be presented in writing. It is urged, in behalf of appellant, that it is void, as being unreasonable, and against public policy. An examination of the question, in the light of the arguments of counsel and authorities cited, leads us to the conclusion that this part of the contract is valid. There is really no reason why a telegraph company may not require notice of its defaults within a reasonable time before being held liable for alleged negligence. The nature of the business is such that a stipulation like this may be necessary to its protection against unfounded claims. There is nothing in the petition in this case from which it can be even inferred that the plaintiff was not advised of the failure to transmit the message long before the expiration of the sixty days. There is nothing unreasonable, and no infraction of a just public policy, in requiring a claim to be made within such time as the failure would be known to the sender of the message. Such

conditions as this have been sustained by an almost unbroken line of authority. We need not name the cases. The citations may be found in 25 Am. and Eng. Enc. Law, 798-800. It is to be remembered that such a provision in the contract does not defeat the claim for damages, and it in no manner affects the operation of the statute of limitations, as appears to have been supposed in the case of *Telegraph Co. v. Underwood* (Neb.) (55 N. W. Rep. 1057). While this court has not determined this question in an action against a telegraph company, yet the same principle has been applied again and again in reference to insurance companies, and railroad companies. *Skinner v. Railroad Co.*, 12 Iowa, 191. In *Moore v. Insurance Co.*, 72 Iowa, 414 (34 N. W. Rep. 183), it is said: "This court has, in repeated decisions, recognized the right of parties to policies of insurance to limit, by conditions therein, the time in which actions may be brought to recover for losses of property insured, and, sustaining such conditions, has held actions barred thereunder. This must be regarded as the settled doctrine of this court." This rule is far in advance of the question under consideration. We repeat that this part of the contract in no manner affects the statute of limitations. The limitations referred to in the case last cited, do put a limit on the time for commencing actions.

IV. Something is said in argument to the effect that, under our statute, the wilful failure to transmit a message is a misdemeanor, and the defendant cannot contract so as to relieve itself from a misdemeanor. As this question is not argued, it is sufficient to say that this is not a prosecution for a misdemeanor; and the petition does not charge that the failure to transmit the message was wilful. Other questions are discussed by counsel, which need

not be considered, for the reason that what has already been said disposes of the case. The judgment of the district court is AFFIRMED.