## JOHN J. PLEASANTS, AND MARY E. PLEASANTS, His Wife *v.* THE NORTH BEACH AND MISSION RAILROAD COMPANY.

Measure of Damages for Refusing to receive Passenger on Street Car.—Plaintiff, Mary E. Pleasants, who is a person of color, being desirous to take passage on defendant's street railroad car in San Francisco, hailed the Conductor, requesting him to take her on board, which he failed to do. The Conductor stated immediately after, in reply to a request of a passenger to take plaintiff up, as requested, that " We don't take colored people in the cars." There was at the time ample room in the car to accommodate plaintiff, who was ready and willing to pay the fare. There was no proof of any special damage. Plaintiffs had a verdict and judgment for five hundred dollars. *Held*, first, that there was no evidence of malice, ill will or wanton conduct toward plaintiff on the part of defendant, and that it was not a case for exemplary damages ; second, that the verdict was excessive ; and third, that upon the facts stated plaintiffs were entitled to nominal damages even in the absence of proof of any actual damage.

Idem—Instructions.—The Court improperly refused the following instruction, to wit : " If the defendant, by its Conductor, refused to receive the female plaintiff on its car, such refusal was merely a violation of duty on the part of the company, and does not entitle plaintiffs to exemplary damages—that they are only entitled to nominal damages, or the actual damage they sustained."

Appeal from the District Court, Twelfth Judicial District, City and County of San Francisco.

The defendant is a corporation. The fourth instruction asked by the defendant to be given to the jury was refused by the Court on the ground " that there was no proof before the Court of defendant's rule on that subject."

The other facts are stated in the opinion of the Court.

*J. G. McCullough*, for Appellant.

The appellant is liable for the damages sustained, and if none be proved, then for nominal damages only, in such a case as this. The verdict was clearly excessive. (*Bukman* v. *S. & S. R. Co.*, 3 Paige, 75; *Bennett* v. *Dutton*, 10 N. H. 483, 486.) The Court erred in refusing appellant's fifth instruction. (*Vanderslice* v. *Newton*, 4 N. Y. 132–34; *Laraway* v. *Perkins*, 10 N. Y. 373–74; *Bedell* v. *Powell*, 13 Barb. 187; *Briggs* v. *Vanderbilt*, 19 Barb. 222; *Street* v. *Coffin*, 28 Cal. 65; *Churchill* v. *Watson*, 5 Day, 140; *Bracegirdle* v. *Orford*, 2 M. & S. 77; 2 Greenleaf Ev. Sec. 272; *Merest* v. *Harvey*, 5 Taunt. 442; *Levitzky* v. *Canning*, 33 Cal. 299.) Punitive damages cannot be recovered of appellant for the malicious acts of its servants. (*Wardrobe* v. *The California Stage Company*, 7 Cal. 118; *McManus* v. *Crickett*, 1 East., Am. Ed., 107; *Croft* v. *Allison*, 4 Barn. & Ald. 592; *Wright* v. *Wilcox*, 19 Wend. 343; *Vanderbilt* v. *Richmond Turnpike Co.*, 2 Coms. 470; Story on Agency, Sec. 456; Ang. on Car., Sec. 604; *Church* v. *Mansfield*, 20 Conn. 284; *Hagan* v. *Providence and Worcester Railway*, 3 R. I. 88; *Mil. and Miss. R. R. Co.* v. *Finney*, 10 Wis. 388; *Weed* v. *Pan. R. R. Co.* 17 N. Y. 362; *Southwick* v. *Estes*, 7 Cush. 385; *P. R. R. Co.* v. *Derby*, 14 How. U. S. 486; *Wells* v, *N. Y. Cen. R. Co.* 24 N. Y. 183–84; *Maynard* v. *F. Ins. Co.*, *ante.*) The damages were excessive. (*Ernst* v. *Hudson River R. Co.* 24 How. Pr. 105, 106; *Tarbell* v. *C. P. R. R. Co.*, *post.*)

*George W. Tyler*, for Respondents.

The damages are not excessive. (*Sharp* v. *Brice*, 2 W. Bl. 942; *Berry* v. *Vreeland*, 1 N. J. 183; *Linsley* v. *Bushnell*, 15 Conn. 225; *Noyes* v. *Ward*, 19 Id. 250; 17 Ala. 832; 2 Story, 661; 5 Mason, 497; *Ah Shan* v. *Quan Wan*, 3 Cal. 216.) It will cost plaintiff more than the amount to enforce her legal right to ride in the cars. Let this Court once hold that all a negro can recover is nominal damages for being refused permission to ride in the cars, on account of his color, and that class of persons can never enjoy the privilege in San Francisco. The

party can prove no special damage, and he is told by a Court of justice that, although it is conceded he has a right to ride on the cars, and that he has willfully and purposely been deprived of the exercise of his legal right, yet he has practically no remedy. The company, with its paid attorney, could and would litigate till doomsday, if such were declared to be the law.

This reasoning will not do. (3 Greenleaf Ev. Sec. 453; *Carr* v. *Snelling*, 15 Pick. 321; *Stockley* v. *Harnedge*, 8 C. P. 11.) The plaintiff was willfully and purposely deprived by defendant of the exercise of a plain legal right, under circumstances showing an intent to insult the plaintiff, and the law presumes it to have been malicious. (3 Greenleaf Ev., Sec. 453.) In cases of this kind, the amount of the compensation is properly left to the jury. (*Huckle* v. *Money*, 2 Wilson, 205; *Sharp* v. *Brice*, 2 W. Bl. 942; *Williams* v. *Currie*, 1 C. B. 841; *Cook* v. *Hill*, 32 Sandf. 331; *Woodruff* v. *Richardson*, 20 Conn. 238.) It was not necessary to allege that the refusal to receive was malicious.

Plaintiff alleged the "facts constituting her cause of action" in ordinary and concise language. If the Conductor saw plaintiff hail the car and heard her request to be taken on board, and there was room in the car for her to be seated, and he *refused* and neglected to stop the car, the law will imply that the act was done maliciously. (15 Pick. 321; see, also, *Coppin* v. *Braithwaite*, 8 Jur. 875, where the true rule in a case of this kind was laid down by the Court.)

. We did not claim punitory damages in this case, nor do we contend that they could be allowed; but we do claim strictly compensatory damages, and we contend that the jury had a right to take into consideration the insult offered plaintiff, and award what they thought proper for the injury to her feelings. Circumstances may be shown that aggravate or mitigate the injury, and the proof showed an aggravated insult. (2 Pars. on Con. 443; 3 Am. Jurist, 287; Sedg. on Damages, 39; *Coppin* v. *Braithwaite*, 8 Jur. 875.)

By the Court, CROCKETT, J.:

The facts of this case are that the female plaintiff, (who is a woman of color,) being desirous to take passage on one of the street cars of defendant, hailed the Conductor and requested him to take her on board; that he disregarded her signal and failed to stop, and by reason of his declining to stop she was unable to get upon the car. It was also proved, under objections from the defendant, that the Conductor on being urged by a lady passenger already in the car to stop the car for the plaintiff, replied: "We don't take colored people in the cars;" and it was further proved that there was ample room for the plaintiff, and that she was provided with the usual passage tickets, and was ready and willing to pay the fare. There was no proof of any special damage; and the jury having retired, without any charge from the Court, returned a verdict for the plaintiff for five hundred dollars.

The defendant asked the Court to charge the jury in substance:

First—That unless the plaintiff had suffered special damage the jury could only find nominal damages; second—that unless it appeared that the plaintiff had suffered damage, the defendant was entitled to a verdict; third—that if the defendant, by its Conductor, refused to receive the female plaintiff on its car, such refusal was merely a violation of duty on the part of the company, and does not entitle the plaintiff to exemplary damages; that they are entitled to nominal damages, or the actual damages they sustained; fourth—that the Conductor was not bound to stop his car at other than the usual places of crossing, nor unless he saw the person who desired to get on board; fifth—that the plaintiff was not entitled to exemplary damages unless it was alleged in the complaint and proved that the defendant acted with actual malice and ill will towards the plaintiff personally; that there is no such allegation, and that therefore the jury will exclude from their finding any considera-

tion of malice on the part of the defendant which might otherwise enhance the verdict. The Court refused to give each and all of these charges, and the defendant excepted. The defendant moved for a new trial, and, amongst other grounds, assigned: first—excessive damages appearing to have been given under the influence of passion or prejudice; second—insufficiency of the evidence to justify the verdict, and that it is against law in this, that there was no evidence of ill will, malice or oppression on the part of the defendant towards the plaintiff; that there was no evidence of special damage; third—errors in law occurring at the trial, in this, to-wit: in refusing to charge the jury as requested by the defendant. We deem it unnecessary to notice the other specifications in the statement.

The motion for a new trial was denied, and the defendant appeals.

In *Turner* v. *North Beach and Mission Railroad Company,* decided at the present term, we have passed upon the chief points involved in this appeal.

The damages were excessive. There was no proof of special damage, nor of any malice, or ill will, or wanton or violent conduct on the part of the defendant, and it was not a case for exemplary damages. The use of the word "special" in the first instruction is not strictly accurate, and is therefore objectionable, but we think the third instruction asked ought to have been given. The second and fourth were properly refused. The second affirms that it was incumbent on the plaintiffs to prove some actual damage to entitle them to a verdict even for nominal damages. But if the plaintiff was wrongfully excluded from the car, this violation of her rights entitles her to nominal damages. The law, in the absence of proof of actual damage, will presume it, where the rights of the plaintiff have been violated. The fourth instruction was properly refused on the ground assigned by the District Court. It is unnecessary in this case for us to decide the point raised in the fifth instruction, to wit: whether or not it is necessary to aver in the complaint malice and ill will

on the part of the defendant towards the plaintiff in order to entitle the plaintiff to give evidence of such malice or ill will. There being no such proof in this case, the Court might well have denied this instruction as irrelevant.

Judgment reversed and cause remanded for new trial.