## Case No. 11,510.

### QUIGLEY v. CENTRAL PAC. R. CO.

[5 Sawy. 107; 27 Pittsb. Leg. J. 154.] [1]

Circuit Court, D. Nevada.   March 4, 1878.

RAILROAD COMPANIES — DELIVERING PASSENGER TICKET—ACTION FOR WRONGFUL EXPULSION OF PASSENGER—DAMAGES.

1. It is the duty of a ticket agent to exercise reasonable care in delivering a ticket to a purchaser, and if the purchaser after applying for his ticket and putting down money to pay for it, is called away, it would be no delivery to put the ticket on the counter in his absence if it did not in fact come to his possession.

2. In an action for a wrongful expulsion from the cars of a railroad company the plaintiff is entitled to recover, in addition to the damages for his loss of time, expenses while delayed and cost of another ticket, a fair compensation for the indignity put upon him by the expulsion.

3. Upon the facts of this case, stated in the opinion, a verdict for one thousand and fifty-two dollars and fifty cents *held* excessive and set aside, unless plaintiff elect to reduce his judgment to one hundred and fifty-two dollars and fifty cents.

[This was an action at law by James F. Quigley against the Central Pacific Railroad Company.] Motion for a new trial.

Ellis & King, for plaintiff.

T. B. McFarland and Harvey Brown, for defendant.

HILLYER, District Judge. This action was brought to recover damages for putting plaintiff off defendant's cars. The jury found a verdict for plaintiff, and assessed the damages at one thousand and fifty-two dollars

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission. 27 Pittsb. Leg. J. 154, contains only a partial report.]

and fifty cents. Defendants move for a new trial on several grounds, the first of which is that the verdict is against the evidence. It is said that it was shown by evidence, as to which there was no conflict, that the ticket agent delivered ticket 1495 (the first one) to plaintiff, who therefore had no right to ride on ticket 1496, the one he offered to the conductor, who ejected him from the car.

In regard to the circumstances attending the purchase of the ticket, the jury had the statement of the ticket agent and of the plaintiff. There was a question whether the agent, even if he did put the ticket and change on the counter, as he says, was reasonably careful to see that the plaintiff was there to receive them. The question of delivery was left to the jury upon instructions to which neither party excepted, and among other things they were told that it was the duty of the ticket agent to exercise reasonable care in delivering the ticket so that the purchaser might get it. If the purchaser had been called away after applying for the ticket and putting down his money, it would be no delivery to put down the ticket on the counter in his absence. In addition to this it appeared that when the plaintiff came back and asked for his ticket the agent gave him ticket 1496 without hesitation, and did not question plaintiff's right to it until he found ticket 1495 was missing. On this point there seems to be no good ground for disturbing the verdict.

The second ground is that the instruction allowing the jury to give damages for the indignity was wrong. The court charged the jury that this was no case for vindictive damages; that the plaintiff was entitled to recover, if at all, compensation for the injury, and that this would include the price of a second ticket, loss of time, and expenses of staying over, and that they were entitled to take into consideration the indignity, and allow upon the whole as damages not a fanciful or extravagant amount, but a sum which as fair and reasonable men they considered a compensation for the injury under the circumstances. From the evidence it is clear that the jury, in making up their verdict, fixed the amount for the ticket, expenses and loss of time, at fifty-two dollars and fifty cents, and for the indignity at one thousand dollars. The defendant argues that this latter sum should be all rejected, and, at most, the verdict ought to be for fifty-two dollars and fifty cents. That is to say, that plaintiff can only recover his actual pecuniary loss, capable of arithmetical exactness in computation—nothing for injuries which cannot be said to have caused him a money loss. The position taken by the defendant, in every transaction of this kind, confines the compensation to this narrow field unless the circumstances of a case justify exemplary damages. No authority directly in point is cited by defendant in support of this position, and certainly this absence of authority, when we consider the vast number of cases upon this branch of the law of damages, is a strong argument that it is not law. On the other hand, there is direct authority to support the instruction given in this case and many other cases in which, although the question was not raised, it is plain that damages were awarded for the indignity put upon the person, according to the circumstances of the various cases.

In a New York case the court held that compensatory damages include not only compensation for loss of time and the amount paid for another passage when one is unlawfully expelled from the cars, "but in addition the injury done to his feelings might be taken into consideration and a suitable recompense given therefor." Hamilton v. Third Ave. R. Co., 53 N. Y. 25. So in Illinois, where a colored woman was excluded from the ladies' car, the court sustain as correct an instruction that if the jury believed the plaintiff was wrongfully excluded from the car they might give damages above the actual pecuniary loss sustained "for the delay, vexation and indignity to which the plaintiff was exposed." Chicago & N. W. R. Co. v. Williams, 55 Ill. 185.

The supreme court of Nevada, when this same case was before it, held that the injury to the feelings caused by a public expulsion from the cars was a proper subject for the consideration of the jury, citing Hamilton v. Third Ave. R. Co., supra, with approval. Quigley v. Central Pac. R. Co., 11 Nev. 350. The cases in 34 Cal. do not in fact decide otherwise, although they show a disposition to bring the damages in these cases down to a small figure. In Turner v. North Beach & M. R. Co., 34 Cal. 594, the court below had refused to charge the jury that they could not take into consideration the feelings whether injured or not of the plaintiff, but the supreme court do not decide whether this was right or wrong.

In Pleasants v. North Beach & M. R. Co., 34 Cal. 586, the court hold the plaintiff entitled to nominal damages for a wrongful expulsion, although no actual damage is shown. But the court cannot mean to say that nothing in these cases can be recovered for except the actual money loss; for in the next case of Tarbell v. Central Pac. R. Co., Id. 616, in which, as the court says, "there is no evidence in the transcript which has any bearing on the question of damages, except the naked fact that the plaintiff was put out of the cars at a point ten or twelve miles from his place of destination and five miles from the place of departure," a verdict for five hundred dollars was held greatly disproportionate to the injury, and a new trial was ordered unless the plaintiff would take a judgment for one hundred dollars. For what was one hundred dollars allowed in the absence of all proof of actual pecuniary loss? It was altogether too much for a walk of ten miles, and the delay of three or four hours not shown to have occasioned any special damage. It seems that

even in this case the court must have allowed something for the indignity attending the violation of plaintiff's rights.

As a matter of fact it is hard to find a case of this class in which something more has not been allowed to plaintiff than his actual pecuniary loss, and that, too, in cases where the jury have been confined to the giving of compensatory as distinguished from exemplary damages. The time, place and manner of the act causing the injury are all proper facts to be shown to the jury. Why? Clearly for no other reason than that these circumstances may properly affect the amount of damages to be recovered. It is an indignity to put a man off the cars who has a legal right to be there, and this indignity is part of the injury. In nine cases out of ten, probably, it is the real thing for which most of the damages are allowed.

Nearly all the cases to be cited on the question of excessive damages are in point here as showing that in no case have the jury been required to confine themselves to the actual pecuniary loss. The instruction was right and is abundantly supported by authority. The only question remaining is as to the amount of damages. The point is made that they are excessive.

The facts are these. When the plaintiff purchased his ticket at Elko, some misunderstanding arose between him and the ticket agent, the agent claiming that plaintiff had received both ticket No. 1495 and 1496, and plaintiff denying it. Before the train left Elko the agent insisted that plaintiff should return ticket 1496 to him, and told him he would not be allowed to ride on it. When the train started the agent tried to prevent plaintiff from getting aboard, but plaintiff jumped on after the train was in motion. About a quarter of a mile from Elko the conductor demanded his ticket, and he gave him ticket 1496. The conductor kept the ticket, telling plaintiff he could not ride on it, as he had not paid for it, and requested him to get off. Plaintiff refused, and after some words the conductor, in the presence of other passengers, put him off the car, using no more force than was necessary. He got on again to get his valise, and was again put off. Plaintiff then returned to Elko, where he was obliged to stay one day and purchase another ticket. It is apparent, also, that there was great negligence on the part of the plaintiff when he purchased the ticket in not attending to its receipt when he paid for it, which contributed largely to engender the dispute which arose and which afforded some reasonable ground for the course pursued by defendant's employees. This affords a strong mitigating circumstance. The action of the conductor was evidently in entire good faith. This is a fair statement of the injury, and the question is whether the verdict is so disproportionate as to indicate prejudice or passion on the part of the jury. No special damage was proved. That portion of the damages capable of accurate estimation in dollars and cents is the forty-two dollars and fifty cents for a ticket, one day's loss of time and the expense of stopping over one day in Elko, the last two items amounting to ten dollars, making fifty-two dollars and fifty cents in all, and leaving one thousand dollars as compensation for the injury to the plaintiff's feelings caused by the indignity of a public expulsion from the cars.

The plaintiff is entitled to compensation for this injury as justly as for the other items, although it is not capable of an arithmetical money computation. In such case much must depend upon the jury. All that the parties have a right to ask is the honest, unprejudiced judgment of the jurors, and when they get that no court will set aside the verdict and substitute its own judgment for that of the jury, even though the verdict is larger than the court would have found if in the jury's place.

In this case, upon the question of compensation for the indignity, there is room for some honest difference of opinion. If the verdict is not inconsistent with that it should stand. In the books the opinions of courts and verdicts of juries show a wide difference of opinion in these cases as to what just compensation is and what action of a jury shows such prejudice or passion as will compel the court to set aside a verdict.

When the present case was in the state court, the verdict of the jury was for five thousand dollars, upon the same state of facts now before us, and the supreme court held it grossly excessive and indicating passion and prejudice, even if exemplary damages had been proper. 11 Nev. 372.

In another case the plaintiff had been carried four hundred yards beyond his station. The conductor refused to back his train, and the plaintiff was obliged to get off and walk back the four hundred yards on a muddy track, carrying a hand valise. No pecuniary loss was shown. On these facts the jury found a verdict for four thousand five hundred dollars, which the supreme court of Mississippi, while regretting the "rigor" of the jury, refused to disturb. New Orleans, J. & G. N. R. Co. v. Hurst, 36 Miss. 660. So, in a case in Wisconsin, the defendant had a regulation setting apart one car for ladies. Plaintiff, finding no seat in the car assigned to men, entered the ladies' car, from which he was rudely shoved out on the platform of the car. This was held a violation of plaintiff's rights, and a verdict for two thousand five hundred dollars "compensatory" damages was sustained, the court saying that though large, it evinced no passion or prejudice. Bass v. Chicago & N. W. R. Co., 42 Wis. 654.

In the case of Railroad Co. v. Brown, 17 Wall. [84 U. S.] 445, a verdict of one thousand five hundred dollars was given for putting the plaintiff out of the car for white ladies into that for colored, in which she made

her trip safely. The verdict was affirmed, but the report does not show that the verdict was objected to as excessive.

On a very similar state of facts in Illinois, a verdict for two hundred dollars was held not excessive, Breese, J., dissenting, and no actual pecuniary loss was shown beyond a trifling loss of time. Chicago & N. W. R. Co. v. Williams, 55 Ill. 185.

In the California cases of Pleasants, Turner, and Tarbell, 34 Cal. 586, 594, and 616, in which the facts show fully as aggravated a case as the present, verdicts for five hundred dollars, seven hundred and fifty dollars, and five hundred dollars respectively, were held excessive, and in the case of Tarbell, the worst of the three, a new trial was ordered, unless plaintiff would take a judgment for

Pearson v. Duane, 4 Wall. [71 U. S.] 605, was an admiralty case. Duane, banished by the vigilance committee, got aboard the Stevens, at Acapulco, but before reaching San Francisco, Captain Pearson put him aboard the Sonora, and sent him back. The district court awarded four thousand dollars. This was affirmed by the circuit court. On appeal, the supreme court reduced the amount to fifty dollars. Duane was put off the Stevens without unnecessary force and without malice, and did not show any pecuniary loss resulting from that act. The act, say the court, was wrong, and Duane was entitled to "compensation" for the injury done him in putting him on board the Sonora. But as there was no malice or ill-will towards him, four thousand dollars was out of proportion to the injury received.

Cases might be multiplied indefinitely, if of any use, showing the different views taken as to the proper amount of damages in these cases. Much, however, depends upon the special circumstances of each particular case. While they differ thus, they all agree in their statement of the general principles, that the damages must be the legal and natural or necessary result of the injury; that in this class of cases, between the actual pecuniary loss capable of exact computation, and exemplary or punitory damages, there is a class of damages very much at large not capable of exact estimation, but still resulting from the wrong done, and therefore properly called compensatory damages. The amount of these the jury fix upon a due consideration of the circumstances of the case; and unless the amount is so large as to indicate passion, prejudice, or corruption, the verdict is not to be set aside. 2 Greenl. Ev. §§ 253–255.

The wrongful act in the case at bar is free entirely of any malice or ill-will. The conductor thought he was doing right, though it turns out he was mistaken. Under these circumstances, one thousand dollars is so out of proportion to the injury received as to indicate passion or prejudice, or both, on the part of the jury. The fifty-two dollars and fifty cents is the full amount of the plaintiff's actual loss in money. In addition to this, one

hundred dollars would certainly be a liberal recompense for all damage sustained by the plaintiff as the result of the wrongful, though mistaken, act of the defendant in expelling him from the car as it did. There should be a new trial, unless the plaintiff elects to take a judgment for one hundred and fifty-two dollars and fifty cents.

Ordered that a new trial be granted, unless the plaintiff, within fifteen days, enters upon the record of the judgment a remission of all the judgment, except the sum of one hundred and fifty-two dollars and fifty cents. And in case such remission, in due form, be made, that then an order be entered denying a new trial.