## William H. Day vs. John Owen.

In declaring against a common carrier of passengers for a refusal to carry, it is necessary to aver that plaintiff offered, or was ready and willing, to pay the fare.

The right *to be carried* by a common carrier of passengers is a right superior to the rules and regulations of the conveyance, and can not be affected by them; but the *accommodation of passengers*, while being transported, is subject to such rules and regulations as the carrier may think proper to make, provided they be reasonable.

Such rules and regulations must have for their object the accommodation of passengers generally, and they must be of a permanent nature, and not made for a particular occasion or emergency.

It is sufficient, in pleading, to state the rule or regulation, that plaintiff comes within it, and to aver its reasonableness. The facts upon which the party relies to establish its reasonableness need not be spread upon the record.

Action against a common carrier of passengers for refusing plaintiff a cabin passage. Notice of defense that, by the regulations and established course of business of the boat, persons of plaintiff's race are not allowed the use of the cabin as passengers — which regulation and course of business are averred to be reasonable. Demurrer to the notice. *Held*, That the demurrer is not well taken. The reasonableness of such regulation is a mixed question of law and fact, to be found by the jury on the trial, under the instructions of the Court, and can not be determined on demurrer.

*Heard May 26th and 27th. Decided October 15th.*

DAY vs. OWEN.

Error to Wayne Circuit.

The action was case against the defendant as a common carrier.

The first count in the declaration alleged that the defendant was the owner of the steamer Arrow, plying between Detroit and Toledo, and that the plaintiff applied on board of said steamboat for a cabin passage from Detroit to Toledo, and offered to pay for the same, which was averred to be a usual mode of conveyance of passengers upon said boat; that, although there was room, the defendant refused to give the plaintiff a cabin passage, whereby the plaintiff was put to great expense, trouble, and delay, and obliged to travel in the night a hundred miles out of his way to reach Toledo. A second count alleges that the defendant was a common carrier, by water, of passengers in and by the cabin and deck of said steamboat, for the conveyance of travelers, in and by said cabin, or in and upon said deck, according as such travelers may require, for reasonable hire and reward, which was greater in case conveyance was required in the cabin than in case it was required upon the deck; and was the proprietor of said cabin, or covered room, and of said open deck, as well as of all parts of said vessel; that the plaintiff went on board of said boat and demanded to be carried in said covered room to Toledo; but, although the plaintiff tendered the greater hire and reward, and although the vessel was ready to start, and said covered room was not full of passengers, and there was no ground for refusal, yet the defendant refused to carry plaintiff in said cabin, &c., causing plaintiff great expense, loss, and mortification. A third count alleged a refusal to carry generally, stating that the defendant set up no ground of refusal, except that the plaintiff was a colored man. This count contained no averment that plaintiff offered, or was ready and willing to pay the fare.

The defendant pleaded the general issue, and appended thereto three notices of special matter to be shown at the trial:

1. That the plaintiff was a colored man, and not a white man; and that by the custom of navigation, and the usage prevailing among steamboats employed in carrying passengers on Detroit River and Lake Erie, colored persons were not allowed the privileges of cabin passengers.

2. That by the regulation and established course of business of the said boat, colored persons were not received as cabin passengers, and were not allowed to use the cabin as such passengers; and said regulation and course of business were averred to be reasonable.

3. That the plaintiff, by his color and his race, was excluded from ordinary social and familiar intercourse with white persons by the custom of the country, and that his admission into the cabin of said steamboat would have been offensive to the other cabin passengers.

General demurrer by the plaintiff, which was overruled and judgment for defendant for costs rendered; and thereupon the plaintiff brought error.

Holding said notices a sufficient defense is assigned as error.

*Walkers & Russell*, for plaintiff in error:

It is the common law duty of a common carrier of passengers to receive all persons who apply for transportation.— *Angell on Car.* 494 to 508, *and cases cited*. And if he have different modes of transportation by the same conveyance, he is bound to carry the person applying in the mode which the latter may select.— *Long vs. Horne*, 1 C. & P. 610.

The obligation to carry is subject to certain qualifications. There must be an offer of the fare prescribed for the particular mode of conveyance desired; the application must be made at the proper place and hour; there must be sufficient room in the conveyance; no unusual danger of the way; the person applying must not be notoriously and unequivocally of bad character, so as to raise a just presumption that his conduct in the conveyance will be unlawful; nor disorderly

in his conduct; nor one who refuses to submit to reasonable regulations, in regard to conduct; nor one whose object in obtaining a passage is to interfere with the proprietors of the conveyance, so as to make their business of transportation less.—*Angell, supra, and cases cited*; *Rex vs. Ivens*, 7 *C. & P.* 213. This enumeration comprehends every qualification to be found in any reported case, or affirmed by any text-writer; and we perceive no distinction based upon *color.*

The rule of law and its exceptions being, then, such as above stated, it is clear that the law will not recognise the mere *fact* of an existing *custom* or *usage* among common carriers navigating particular waters not to carry a certain class of persons *ex mero motu* as altering the rule, or releasing a given carrier from his obligation to receive.—See *The Schooner Reeside*, 2 *Sumn.* 567.

Nor will the mere *fact*, that a given class of persons and another given class do not associate together, or that individuals of the former class would be "offensive" to individuals of the latter, provided they should chance to meet on the same conveyance, constitute any *legal* ground of refusal on the part of the carrier to carry.

The custom set up in the second notice, we submit, is not a *regulation* in its legal meaning; that the adjudged cases show that *regulations*, legally so termed, have reference, solely, to the active conduct of the applicant for carriage, requiring his obedience after his reception, and to nothing else —that they are what might be called *internal* or *police* regulations.—See *Jencks vs. Coleman*, 2 *Sumn.* 221; *Commonwealth vs. Power*, 7 *Metc.* 596; *Markham vs. Brown*, 8 *N. H.* 523; *Bennett vs. Dutton*, 10 *N. H.* 481; *Hall vs. Power*, 12 *Metc.* 482.

It follows that a common carrier can not refuse to carry any person of legal conduct and intention *upon the ground of any physical or personal quality or defect, or to suit the preference or antipathies of other passengers.*

[The counsel further argued, that, though the defendant's course of business not to carry colored persons in his cabin was in no *legal* sense a regulation, yet, considering it such for the purposes of the argument, it was not *reasonable*.]

*S. T. Douglass*, for defendant in error:

Neither of the first two counts show a *prima facie* cause of action. Defendant was not bound to provide the plaintiff, or any other person, with accommodation on any particular part of the boat.—*Fell vs. Knight*, 8 *M. & W.* 269.

But if they be held to show a *prima facie* cause of action, the notice is a valid defense. The right of the carrier to make all reasonable regulations in respect to the conduct of the passengers, which a regard for the safety, convenience, comfort, or interests, either of the passengers or carriers, may dictate, can not be questioned.—*Redf. on Railw. Chap.* 6. Whether any particular regulation which is pleaded is reasonable, is a question of mixed law and fact, to be determined upon evidence of all the circumstances tending to show that it was necessary and proper, or otherwise; and which can not be determined by the Court, as a pure question of law. It is like the question as to the reasonableness of *time, care,* or *skill* (6 *Cranch,* 268; *Ibid.* 338; 7 *Cranch,* 506; 1 *Greenl. Ev.* §49, *and Note*); the question of *probable cause* (2 *Greenl. Ev.* §454; 28 *Eng. L. & Eq.* 29); the question of the *sufficiency* of the specifications of a patent (2 *Greenl. Ev.* §490); and various other questions of the like nature—See *Sessions vs. Newport,* 23 *Vt.* 9; *Foot vs. Wiswell,* 14 *Johns.* 304.

The following authorities show that the question of the reasonableness of a regulation of a common carrier, affecting the rights, convenience, or conduct of passengers, is of the same nature, and is a question for the jury, under the instruction of the Court.—*State vs. Overton,* 4 *Zab.* 435; *Commonwealth vs. Power,* 7 *Metc.* 596; *Jencks vs. Coleman,* 2 *Sumn.* 221.

The third count is clearly bad, in not averring payment, or offer to pay the fare.—8 *M. & W.* 269; 2 *Smith's Lead. Cas.* 27; 8 *M. & W.* 372; *Redf. on Railw.* 261; *Angell on Car.* §525.

Manning J.:

The declaration contains three counts. The first and second for refusing to carry the plaintiff in the cabin; the third for refusing to carry him generally.

This last count is bad, as it contains no averment that plaintiff offered, or was ready and willing, to pay the fare.

The notice accompanying the general issue sets up three several grounds of defense to the declaration, and may therefore be considered as three separate notices. The demurrer is to the whole notice; and if any one of these defenses is good to the other counts in the declaration, the demurrer was properly overruled, and the judgment of the Court below must be affirmed.

The second ground of defense, stated in the notice, is, That, by the regulations and established course of business of the steamer, colored persons were not received as cabin passengers, and were not allowed to use the cabin as such passengers; and avers such regulations and course of business to be reasonable.

The second count of the declaration states two modes of carrying passengers,—one on deck and the other in the cabin. It then alleges that passengers were carried either way as they might require, on paying the necessary fare— that is, cabin fare if they wished to go in the cabin, and deck fare if on deck.

The right to be carried, is a right superior to the rules and regulations of the boat, and can not be affected by them. If defendant had refused to carry the plaintiff generally, he would be liable, unless he could show some good excuse, releasing him from the obligation. While this is a right that can not be touched by rules and regulations, the

accommodation of passengers, while being transported, is subject to such rules and regulations as the carrier may think proper to make, provided they be reasonable.

The right to be carried is one thing — the privileges of a passenger on board of the boat, what part of it may be occupied by him, or he have the right to use, is another thing. The two rights are very different. The latter, and not the former right, is subject to reasonable rules and regulations, and is, where such rules and regulations exist, to be determined by them. Hence the allegation we have already adverted to in the second count, as it relates to the accommodation of passengers while being transported, must be understood as a statement of a right that is subject to rules and regulations where they exist; and so far, therefore, as that count, in the statement of that right, conflicts with the defendant's notice, or the notice with it, the notice is a denial of the right itself, or, more properly speaking, an admission and avoidance of the *prima facie* case of the plaintiff.

The refusal to allow plaintiff the privilege of the cabin, on his tendering cabin fare, was nothing more or less than denying him certain accommodations, while being transported, from which he was excluded by the rules and regulations of the boat.

All rules and regulations must be reasonable; and to be so, they should have for their object the accommodation of the passengers. Under this head we include everything calculated to render the transportation most comfortable and least annoying to passengers generally; not to one, or two, or any given number carried at a particular time, but to a large majority of the passengers ordinarily carried. Such rules and regulations should also be of a permanent nature, and not be made for a particular occasion or emergency. In pleading, it is sufficient to state the rule or regulation, that plaintiff comes within it, and to aver its reasonableness. It is not necessary to spread upon the record the

facts, which may be more or less numerous, that the party relies on to establish its reasonableness. - It is otherwise where defendant refuses to carry the plaintiff generally. In such cases, the facts constituting his excuse, if he have one, must appear on the record, that the Court may determine whether it be good or bad. But the reasonableness of a rule or regulation, is a mixed question of law and fact, to be found by the jury on the trial, under the instructions of the Court. It may depend on a great variety of circumstances, and may not improperly be said to be in itself a fact to be deduced from other facts. It is not to be inferred from the rule or regulation itself, but must be shown positively.

The notice states plaintiff is a colored person, and that by the rules and regulations of the boat, colored persons were excluded from the cabin. The reasonableness of the rule, if it be reasonable, does not depend upon the color of the plaintiff, or on the class of persons to which he belongs, all of whom are alike excluded, but on the effect the carrying of such persons in the cabin would have, not on the defendant's business as a carrier — although it might be to his advantage — but on the accommodation of the mass of persons who have a right, and are in the habit of traveling on his boat. As the duty to carry is imposed by law for the convenience of the community at large, and not of individuals, except so far as they are a component part of the community, the law would defeat its own object if it required the carrier, for the accommodation of particular individuals, to incommode the community at large. He may do so if he chooses, but the law does not impose it on him as a duty. It does not require a carrier to make any rules whatever, but if he deems it for his interest to do so, looking to an increase of passengers from the superior accommodations he holds out to the public, to deny him the right would be an interference with a carrier's control over his own property in his own way, not necessary to the performance of his duty to the public as a carrier.

The second defense stated in the notice is, we think, a sufficient answer ·to the second count of the declaration. We also think it good as to the first count; which does not, in terms, make mention of the carrying of ·passengers on deck. It states defendant refused to carry the plaintiff in the cabin, and not that he refused to carry him generally, and seems to admit the carrying of passengers in other parts of the boat as well as in the cabin, and therefore does not make out a case of refusal to carry generally. The other questions raised on the argument it is not necessary to decide, as the one we have been considering disposes of the whole case.

The judgment below must be affirmed with costs.

MARTIN Ch. J. and CHRISTIANCY J. concurred. CAMP·. BELL J. did not sit in this case, having been of counsel for one of the parties.