# THE CHICAGO & NORTHWESTERN RAILWAY COMPANY

## *v.*

## ANNA WILLIAMS.

1. RAILROADS—*power to make rules in respect to passengers.* Whatever rules tend to the comfort, order and safety of the passengers on a railroad, the company are authorized to make and to enforce. But such rules must always be reasonable, and uniform in respect to persons.

2. SAME—*setting apart a car for ladies.* A rule setting apart a car for the exclusive use of ladies, and gentlemen accompanied by ladies, is a reasonable rule, and it may be enforced.

3. SAME—*exclusion of colored persons.* The mere fact that, under the rules and regulations of the company, a certain car in their passenger train has been designated for the exclusive use of ladies, and gentlemen accompanied by ladies, will not justify the exclusion of a colored woman from the privileges of such car, upon no other ground than that of her color.

4. Under some circumstances, it might not be an unreasonable rule to require colored persons to occupy separate seats in a car furnished by the company, equally as comfortable and safe as those furnished for other passengers. But in the absence of any reasonable rule on the subject, the company can not lawfully, from caprice, wantonness or prejudice, exclude a colored woman from the ladies' car, merely on account of her color.

5. OF EXCESSIVE DAMAGES—*in such case—measure of damages.* Where a person seeking passage in a particular car in a railroad train is wrongfully and wantonly excluded therefrom, he may recover, in addition to the actual damages, something for the indignity, vexation and disgrace to which he was subjected by reason thereof.

6. So where a colored woman was refused admittance to a ladies' car, solely on account of her color, and was directed to take a seat in another car, which was set apart for, and mostly occupied by men, but which she declined to do, insisting upon her right to be admitted to the ladies' car, and the evidence justifying the conclusion that the brakeman, in excluding her from that car, did so in a very rude manner, and in the presence of several persons, it was *held*, a verdict of $200 recovered by the woman against the company, was not excessive.

APPEAL from the Circuit Court of Winnebago county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

This was an action on the case, brought in the court below by Anna Williams, a colored woman, against the Chicago & Northwestern Railway Company, to recover damages resulting to the plaintiff by reason of being excluded from the privileges of a car upon the defendants' road, which had been designated, under the rules of the company, for the exclusive use of ladies, and gentlemen accompanied by ladies, the only reason for such exclusion of the plaintiff being on account of her color.

Upon a trial, the plaintiff recovered a judgment for $200, from which the company appealed.

Mr. JAMES M. WIGHT, for the appellants.

Mr. E. W. BLAISDELL, Jr. and Mr. C. F. MILLER, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

There is but one question of any considerable importance presented by the record in this case.

It is simply, whether a railroad company, which, by our statute, and the common law, is a common carrier of passengers, in a case where the company, by their rules and regulations, have designated a certain car in their passenger train for the exclusive use of ladies, and gentlemen accompanied by ladies, can exclude from the privileges of such car a colored woman, holding a first class ticket, for no other reason except her color.

The evidence in the case establishes these facts—that, as was the custom on appellants' road, they had set apart in their passenger trains a car for the exclusive use of ladies, and gentlemen accompanied by ladies, and that such a car, called the " ladies' car," was attached to the train in question. The appellee resided at Rockford, and being desirous of going from that station to Belvidere, on the road of appellants, for that purpose purchased of the agent of the appellants a ticket,

which entitled the holder to a seat in a first class car on their road. On the arrival of the train at the Rockford station, the appellee offered and endeavored to enter the ladies' car, but was refused permission so to do, and was directed to go forward to the car set apart for and occupied mostly by men. On the appellee persisting on entering the ladies' car, force enough was used by the brakeman to prevent her. At the time she attempted to obtain a seat in that car, on appellants' train, there were vacant and unoccupied seats in it, for one of the female witnesses states that she, with two other ladies, a few moments afterwards, entered the same car at that station, and found two vacant seats, and occupied the same. No objection whatever was made, nor is it insisted any other existed, to appellee taking a seat in the ladies' car, except her color. The appellee was clad in plain and decent apparel, and it is not suggested, in the evidence or otherwise, that she was not a woman of good character and proper behavior.

It does not appear that the company had ever set apart a car for the exclusive use, or provided any separate seats for the use of colored persons who might desire to pass over their line of road. The evidence discloses that colored women sometimes rode in the ladies' car, and sometimes in the other car, and there was, in fact, no rule or regulation of the company in regard to colored passengers.

The case turns somewhat on what are reasonable rules, and the power of railroad companies to establish and enforce them.

It is the undoubted right of railroad companies to make all reasonable rules and regulations for the safety and comfort of passengers traveling on their lines of road. It is not only their right, but it is their duty to make such rules and regulations. It is alike the interest of the companies and the public that such rules should be established and enforced, and ample authority is conferred by law on the agents and servants of the companies to enforce all reasonable regulations made for the safety and convenience of passengers.

188        C. & N. W. R. R. Co. *v.* WILLIAMS.        [Sept. T.,

Opinion of the Court.

It was held, in the case of the *Ill. Cent. R. R. Co.* v. *Whittemore*, 43 Ill. 423, that, for a non-compliance with a reasonable rule of the company, a party might be expelled from a train at a point other than a regular station.

If a person on a train becomes disorderly, profane or dangerous and offensive in his conduct, it is the duty of the conductor to expel such guilty party, or at least to assign him to a car where he will not endanger or annoy the other passengers. Whatever rules tend to the comfort, order and safety of the passengers, the company are fully authorized to make, and are amply empowered to enforce compliance therewith.

But such rules and regulations must always be reasonable, and uniform in respect to persons.

A railroad company can not capriciously discriminate between passengers on account of their nativity, color, race, social position, or their political or religious beliefs. Whatever discriminations are made, must be on some principle, or for some reason, that the law recognizes as just and equitable, and founded in good public policy. What are reasonable rules is a question of law, and is for the court to determine, under all the circumstances in each particular case.

In the present instance, the rule that set apart a car for the exclusive use of ladies, and gentlemen accompanied by ladies, is a reasonable one, and the power of the company to establish it has never been doubted.

If the appellee is to be denied the privilege of the "ladies' car," for which she was willing to pay, and had paid, full compensation to the company, a privilege which is accorded alike to all women, whether they are rich or poor, it must be on some principle or under some rule of the company that the law would recognize as reasonable and just. If she was denied that privilege by the mere caprice of the brakeman and conductor, and under no reasonable rule of the company, or, what is still worse, as the evidence would indicate, through mere wantonness on the part of the brakeman, then it was unreasonable, and therefore unlawful. It is not pretended that there

was any rule that excluded her, or that the managing officers of the company had ever given any directions to exclude colored persons from that car. If, however, there was such a rule, it could not be justified on the ground of mere prejudice. Such a rule must have for its foundation a better and a sounder reason, and one more in consonance with the enlightened judgment of reasonable men. An unreasonable rule, that affects the convenience and comfort of passengers, is unlawful, simply because it is unreasonable. *The State* v. *Overton*, 4 Zab. 435.

In the case of the *West Chester & Philadelphia R. R. Co.* v. *Miles*, 55 Penn. 209, it was admitted, that no one could be excluded from a carriage by a public carrier on account of color, religious belief, political relations or prejudice, but it was held, not to be an unreasonable regulation to seat passengers so as to preserve order and decorum, and prevent contacts and collisions arising from well known repugnances, and therefore a rule that required a colored woman to occupy a separate seat in a car furnished by the company, equally as comfortable and safe as that furnished for other passengers, was not an unreasonable rule.

( Under some circumstances, this might not be an unreasonable rule. )

At all events, public carriers, until they do furnish separate seats equal in comfort and safety to those furnished for other travelers, must be held to have no right to discriminate between passengers on account of color, race or nativity, alone.

We do not understand that the appellee was bound to go forward to the car set apart for and occupied mostly by men, when she was directed by the brakeman. It is a sufficient answer to say, that that car was not provided by any rule of the company for the use of women, and that another one was. This fact was known to the appellee at the time. She may have undertaken the journey alone, in view of that very fact, as women often do.

190 C. & N. W. R. R. Co. *v.* WILLIAMS. [Sept. T.,

Opinion of the Court.

The above views dispose of all the objections taken to the instructions given by the court on behalf of the appellee, and the refusal of the court to give those asked on the part of the appellants, except the one which tells the jury that they may give damages above the actual damages sustained, for the delay, vexation and indignity to which the appellee was exposed, if she was wrongfully excluded from the car. If the party in such case is confined to the actual pecuniary damages sustained, it would, most often, be no compensation at all, above nominal damages, and no salutary effect would be produced on the wrong doer by such a verdict. But we apprehend, that if the act is wrongfully and wantonly committed, the party may recover, in addition to the actual damages, something for the indignity, vexation and disgrace to which the party has been subjected.

It is insisted, that the damages are excessive, in view of the slight injury sustained.

There is evidence from which the jury could find that the brakeman treated the appellee very rudely, and placed his hand on her and pushed her away from the car. The act was committed in a public place, and whatever disgrace was inflicted on her was in the presence of strangers and friends. The act was, in itself, wrongful, and without the shadow of a reasonable excuse, and the damages are not too high. The jury saw the witnesses, and heard their testimony, and with their finding we are fully satisfied.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE SHELDON, having heard this cause in the court below, took no part in this decision.

BREESE, J. I am not prepared to assent to all the reasoning and conclusions of the above opinion, and I am further of opinion the damages are excessive.