### BROWN *v.* MEMPHIS & C. R. Co.

*(Circuit Court, W. D. Tennessee.   August 6, 1880.)*

1. PLEADING—TENNESSEE CODE.—Any declaration which states a cause of action, however informally, or any plea which states a defence either by way of general denial equivalent to the general issue or special plea showing the facts constituting the defence, will be good under the Tennessee Code, whether good at common law or not.

2. CARRIER— REASONABLE REGULATION— How DETERMINED.—Where a woman was excluded from the "ladies' car" because she was of notoriously bad character, the defendant pleaded a reasonable regulation authorizing the exclusion, and that the plaintiff came within it. *Held,* that it is a mixed question of law and fact whether the regulation is reasonable or not, to be submitted to the jury, on proper instructions by the court, and that it will not be determined on demurrer.

*Inge & Chandler,* for plaintiff.

*Humes & Poston,* for defendant.

HAMMOND, D. J.   This is an action for wrongfully, and with unnecessary force, ejecting the plaintiff from the defendant's cars, and has been heard upon demurrer to the pleas.   The grounds of objection arising out of the form and substance of the pleas would be good, perhaps, if the pleadings were to be tested by the common law, but, under the Tennessee Code, they are not well taken.   Any declaration which states a cause of action, however informally, or any plea which states a defence either by general denial equivalent to the general issue, or special plea showing the facts, will be good, whether

good at common law or not. Code, (T. & S. Ed.) 2884, 2913, 2917a; Car. Hist. Lawsuit, §§ 206, 209, 844.

The second plea, which avers that the plaintiff is a colored woman, and sets up a regulation requiring colored people to occupy separate cars equal to those provided for white people, has been withdrawn, because, as stated by counsel, this company has no such regulation, people of all colors being admitted to their cars without classification or distinction on account of color.

This leaves for present consideration only the question arising on the third plea, which is as follows: "And, for a further plea in this behalf, defendant says that, by a customary regulation of the defendant, a certain car in the defendant's passenger train, commonly called the ladies' car, was set apart to be exclusively used and occupied by persons of good character, and genteel and modest deportment, from which said car it was, by said regulation, the duty of defendant's conductor to exclude all persons of improper character, or addicted to deportment offensive to modesty and decorum. Yet the plaintiff, at the time of her alleged grievance, being a notorious courtesan, addicted to lascivous and profane conversation and immodest deportment in public places, and well known to the defendant's conductor as such, and well knowing the regulation aforesaid, and well knowing that there were other good and comfortable passenger cars, of equal accomodations with the one provided for the ladies, in said train, whereon she could be safely and securely carried without violation of the regulation aforesaid, notwithstanding intruded herself into said ladies' car, and being then and there by the conductor advised of said regulation, and politely requested to remove into another good, safe, and comfortable car, of ample accommodations, in said train, peremptorily refused, and persisted in refusing, whereupon, with gentle hands and without unnecessary force, the conductor removed the plaintiff from the ladies' car, and tendered her accommodation in the said other car, which refusing, the plaintiff left the train," etc.

The plaintiff alleges, in the declaration, that she had purchased of the agent of the defendant a first-class ticket from Corinth to Memphis, and took her seat in a car, from which with, as is alleged, brutal violence, she was ejected. The demurrer insists that the plea shows no ground of defence, and it is argued for the plaintiff that she was not subject to exclusion except for improper conduct exhibited in the car at the time, and by this plea none is alleged. The argument is that the carrier could not refuse to carry her, as long as she behaved properly on the train, because of her alleged bad character, nor exclude her for that cause after having made the contract by the sale of the ticket; at least, not without tendering back the fare, which is not averred in the plea. It does not seem to me that these are the issues tendered by the plea. The conductor did not, according to the allegations of the plea, refuse to carry the plaintiff, as by the contract she was entitled to be carried, for the plea avers a tender of first-class accommodations, which were refused.

The declaration is carefully worded, so as to charge that the plaintiff was excluded from *a car*, and avers that defendant refused to carry her "on or in said car," and ejected her with such brutality that she abandoned her trip. This excessive force is denied by the plea, but ejection from "the ladies' car" is confessed, and sought to be avoided by pleading a regulation forbidding the plaintiff to ride on that particular car because of her bad character. The demurrer, in legal effect, confesses that there was such a regulation as the plea avers, and that the plaintiff was of the bad character charged. The only question, therefore, is, was this a reasonable regulation? Can a carrier set apart a car for the exclusive use of persons "of good character, and genteel and modest deportment," and exclude from that car all persons "of improper character, or addicted to deportment offensive to modesty and decorum," without reference to their demeanor at the time they take passage in the car, and require such persons, although well-behaved at the time, to occupy another car not so exclusive in regard to the persons permitted to occupy it?

In New Jersey this is held to be a question of fact for the jury to decide. The court says: "It must, from its very nature, be a question of fact rather than of law. The reasonableness or unreasonableness of the regulation is properly for the consideration, not of the court, but of the jury." *State* v. *Overton*, 4 Zab. 435–441; *Morris Railroad Co.* v. *Ayres*, 5 Dutch. 393.

In *Bass* v. *Railroad*, 36 Wis. 450, it is said "to partake of the character of debatable ground between court and jury, and is so properly held to be a mixed question of fact and law; and it is always proper to submit the question, under instructions, to the jury." Page 459. And in *Day* v. *Owen*, 5 Mich. 520, it is said: "In pleading, it is sufficient to state the rule or regulation, that plaintiff comes within it, and to aver its reasonableness. It is not necessary to spread upon the record the facts, which may be more or less numerous, that the party relies on to establish its reasonableness. It is otherwise where the defendant refuses to carry the plaintiff generally. In such cases, the facts constituting his excuse, if he have one, must appear on the record, that the court may determine whether it be good or bad. But the reasonableness of a rule or regulation is a mixed question of law and fact, to be found by the jury on the trial, under the instructions of the court. It may depend on a variety of circumstances, and may not improperly be said to be in itself a fact to be deduced from other facts. It is not to be inferred from the rule or regulation itself, but must be shown positively." Page 527. And it was held in that case that the question would not be determined on demurrer.

Demurrer overruled.

NOTE. See Thomp. Carr. Pass. 306.