## Gray *v.* Cincinnati Southern R. Co.[*]

*(Circuit Court, S. D. Ohio, W. D.    April 18, 1882.)*

1. CARRIERS OF PASSENGERS—REGULATIONS—CLASSIFICATION ACCORDING TO SEX AND COLOR.

    Common carriers have the power to make reasonable regulations for the transporting of their passengers from point to point. Whether they may classify passengers according to sex and color not decided.

2. SAME—COLORED WOMAN HOLDING FIRST-CLASS TICKET ENTITLED TO FIRST-CLASS ACCOMMODATIONS—LADIES' CAR—SMOKING CAR.

    A colored lady who had purchased and held a first-class ticket was entitled to admission into the ladies' car, if there was room for her therein; and, if she was refused admission and the railroad company declined to carry her except

[*]Reported by J. C. Harper, Esq., of the Cincinnati bar.

in the smoking car, containing only men, some of whom were smoking, she had the right to decline to accept such accommodations, and it is liable to her in damages.

3. SAME—FIRST-CLASS TICKETS—WHITE AND COLORED PASSENGERS — EQUALITY.
    Carriers are bound to provide for colored passengers, holding first-class tickets, accommodations precisely equal in all respects to those provided for white passengers holding similar tickets.

4. DAMAGES—COMPENSATORY—PUNITIVE.
    The general tendency of courts and text writers of the present age is to embrace all kinds of damages under the head of *compensatory* damages, except in cases of fraud or insult, in which cases vindictive and punitive damages may be awarded.

5. MEASURE OF DAMAGES IN ACTION FOR WRONGFUL EXCLUSION FROM CARS—EXPENSES OF SUIT, ETC.
    In an action against a railroad company to recover damages for wrongful exclusion from its cars, in which it appeared that the plaintiff, a colored lady, purchased and held a first-class ticket at the time she applied for admission to the ladies' car; that she was lady-like in appearance and conduct, and was at the time carrying a sick child in her arms; and that the company refused to carry her except in the smoking car, in which were men only, some of whom were smoking; whereupon she left the cars: *held*, that she was entitled to such damages as would make her whole, and the jury should consider the loss of time and inconvenience she had been put to, and the proper amount of expenses incurred in the vindication of her rights.

At Law.

Action for damages for refusing plaintiff admission into the cars of the defendant at Cincinnati, Ohio.

The allegations of the pleadings are stated in the judge's charge.

Upon the trial evidence was introduced showing that the plaintiff (who is a colored lady) had purchased at Lexington, Kentucky, a first-class round-trip ticket from that place to Cincinnati. On the twenty-seventh of August, 1881, accompanied by her husband, (a Baptist minister of Lexington,) and carrying a sick child in her arms, she went to the defendant's depot to return to Lexington. Two passenger coaches were standing at the depot, one (the rear car) containing ladies and gentlemen, and the other men only, some of whom were smoking. She attempted to enter the rear (the ladies') car, but was stopped by the brakeman and directed to enter the forward car. Her husband then applied to the conductor to let his wife into the ladies' car, but he refused, and being pressed for the reason stated that it was because she was colored. Her husband took a seat in the smoking car and returned to Lexington. The plaintiff declined to go in that car, remained in the city, and some days later returned home by another route. The brakeman testified that the plaintiff was lady-like in her appearance and bearing, which was not even attempted to be questioned.

*C. H. Blackburn* and *A. G. Collins,* for plaintiff.

*W. T. Porter, contra.*

SWING, D. J., *(charging jury.)* This is an action brought by the plaintiff for the purpose of recovering damages against the defendant for an unlawful refusal, as it is claimed by her, of the defendant to permit her to enter the cars of the defendant at Cincinnati to go to Lexington. She alleges that she is a resident of Lexington, Kentucky; that the defendant is a corporation under the laws of Ohio; that its principal office is situated in Cincinnati, Ohio; that she purchased a ticket at Lexington, Kentucky, for Cincinnati and return; that at a certain time in the city of Cincinnati the agents and servants of the defendant refused to permit her to enter the car of the defendant for the purpose of returning to Kentucky, to her home. That is the case made by the plaintiff, with the additional allegation that such refusal was because she was a woman of color wholly. The defendant, by its answer, denies these several allegations, except that as to *its* being a corporation under the laws of Ohio, and doing business in Cincinnati, Ohio. This is the case made upon the papers. The case made in testimony and the case argued to the jury is not the case presented in the papers. The case as attempted to be made by the plaintiff, and as attempted to be made by the defendant, is about this : That there were two cars connected with the locomotive of this train, which was about to start on a Saturday evening, on a certain day in August, from Cincinnati to Lexington; that one of these cars was set aside for ladies and gentlemen, and that in the other car were nobody but gentlemen—a smoking car. This is the claim of the plaintiff. No such allegation is made in the petition. The allegation is a broad allegation that she attempted to enter the car and that she was refused admission. The defendant says that she was not refused admission to the car, but that she was refused permission to enter a particular car, and that she was directed to go into another car. The plaintiff replies that it is true that she was refused to enter a particular car, and was directed to go into another car.

Some discussion has been had whether this is a petition under the civil rights bill, or whether it is a petition at common law. I shall not enter into any examination as to the nature and character of what is termed the civil rights bill; whether that act provides for remedies for the violation of any other rights than those which are conferred upon the citizens of the United States as citizens of the United States, or whether it refers to the natural rights which men enjoy, or those

given to them by the state as citizens of the state, or how far it creates or gives rights which were not in existence before. For the purpose of this case, as it now stands, I will briefly state the law as applicable to it.

A railroad company is a common carrier, and is under obligations to carry the traveling public from point to point. If the public comply with the rules and regulations, it is bound to carry and transport them. What kind of rules and regulations they are at liberty to make it is not necessary now to discuss. I take it for granted, however, that a railroad company or a steam-boat company, or any common carrier, has the right to make reasonable regulations for the transporting of its passengers from point to point. They may have the right to make a regulation that the gentlemen shall ride in one car, and the ladies shall ride in another car. They perhaps have a right (which it is not now necessary to determine) to make a regulation that the colored people shall ride in one car and the white people shall ride in another car; but if they have any such right to classify, first, as to the ladies and gentlemen, they are bound by the law, wherever a party pays for a first-class ticket, if he be a gentleman, to provide for him such accommodations as they ordinarily provide for the ladies. The gentleman's money is just as good as the lady's, in the eye of the law, and they are bound to provide for him such reasonable accommodations as he has paid and contracted for.

If this lady purchased a first-class ticket at Lexington for Cincinnati and return, and at Cincinnati she applied to the agents of this road, presenting herself for admission into the car which was provided for ladies, white or colored, and there was room in that car, it was the duty of the agents of this company to open the door and furnish her a seat; and if they refused to do so, and proposed to carry her only provided she would ride in the smoking car, where none but gentlemen were, and where they were smoking, she had a right, under the law, to say that she would not go into it.

This company was bound to provide for her such accommodations as were provided for the white women. In the eye of the law we all stand now upon the same footing. We stand before the law equal. Whatever the social relations of life may be, before the law we all stand upon the broad plane of equality. And this company was bound to provide for this colored woman precisely such accommodations, in every respect, as were provided upon their train for white women. If they refused to give her such accommodations, she

had a right to say that she would not travel in the smoking car. It is very unpleasant for gentlemen, sometimes, to sit in a car of that character. Not every man likes smoke; not every man likes tobacco. It is bad enough for them to force a gentleman who does not use tobacco, and who sickens at the scent of smoke or tobacco, into a car of that character, let alone forcing a lady there with a sick child.

If you find that she purchased a ticket trom Lexington to Cincinnati and return, and it was a first-class ticket, she had a right to enter the car that was provided for the ladies and gentlemen, and, if there was room in it, it was the duty of the conductor to take her and place her in it. If there was no room in that car and the other car was a suitable car for her to ride in, then it was her duty to have gone into the other car. If she was deprived of the right which, as I say, the law gave her, by this company, then this company is reponsible to her in damages.

There are two or three kinds of damages, but the general tendency of all courts and the law-writers of the present age is to embrace them almost all under one head, and that is compensatory damages, unless there is fraud or insult connected with it, and in that case the jury are warranted in visiting upon the offending party vindictive or punitive damages, so as to deter others from doing what it is claimed the party did.

If you find for the plaintiff in this case you will assess her such damages as will make her whole, considering the loss of time and inconvenience she was put to. And you may also take into consideration what the proper amount of expenses might be in the vindication of this right. If you find for the defendant, your verdict will be simply for the defendant.

Verdict for plaintiff for $1,000 damages.

NOTE. Carriers have power to make regulations for the proper accommodation of their passengers, but such regulations must be reasonable, tending to the comfort and safety of passengers. *C. & N. W. Ry. Co.* v. *Williams,* 55 Ill. 185; *Day* v. *Owen,* 5 Mich. 520; Thompson, Car. Pass. 335. A rule setting apart a car for the exclusive use of ladies, and gentlemen accompanied by ladies, is reasonable and may be enforced. *C. & N. W. Ry. Co.* v. *Williams, supra*; *Bass* v. *C. & N. W. Ry. Co.* 36 Wis. 450; Thompson, Car. Pass. 345. Such regulations must be uniform in respect to persons; and if a car has been set aside for the exclusive use of ladies, and gentlemen accompanied by ladies, a colored woman cannot be excluded upon the ground of her color. *C. & N. W. Ry. Co.* v. *Williams, supra; Coger* v. *N. W. etc. Packet Co.* 37 Iowa, 145. Separate accommodations may be provided for colored passengers, but they must be equal in quality and convenience to those furnished whites. *Green*

v. *City of Bridgetown*, (Dist. Ga.) 9 Cent. L. J. 206; *The Civil Rights Bill*, (W. Dist. N. Car.) 1 Hughes, 541. See note to *U. S.* v. *Buntin*, 10 FED. REP. 730. They cannot classify their passengers on the basis of their morality. *Brown* v. *Memphis, etc., R. Co.*, 5 FED. REP. 499; 12 Cent. L. J. 442; 11 Rep. 424.

The reasonableness of regulations is a mixed question of law and fact, to be found by the jury, under the instructions of the court. *Day* v. *Owen*, 5 Mich. 520; *Bass* v. *C. & N. W. Ry. Co.* 36 Wis. 450; *Com.* v. *Power*, 7 Metc. 596; *Jencks* v. *Coleman*, 2 Sumn. 221; *Brown* v. *Memphis, etc., R. Co.* 4 FED. REP. 37. It is a pure question of fact. *State* v. *Overton*, 24 N. J. Eq. (4 Zab.) 435; *Morris, etc., R. Co.* v. *Ayres*, 29 N. J. Eq. 393; (but see *Bass* v. *C. & N. W. Ry. Co. supra.*)  *Contra*, it is a question of law for the court. *C. & N. W. Ry. Co.* v *Williams*, 55 Ill. 185, 188.

If there is no sitting room in the regular cars, and there is in the ladies' car, gentlemen passengers cannot be left standing without a breach of the contract of carriage; but the officers of the train may select those who are to enter the ladies' car. *Bass* v. *C. & N. W. Ry. Co.* 36 Wis. 450.—[REP.