## Logwood and Wife *v.* Memphis & C. R. Co.

*(Circuit Court, W. D. Tennessee. March 18, 1885.)*

COMMON CARRIERS—DISCRIMINATION—RACE AND COLOR OF PASSENGERS—EQUAL ACCOMMODATIONS.

> Equality of accommodation does not mean identity of accommodation, and it is not unreasonable, under certain circumstances, to separate white and colored passengers on a railway train, if attention is given to the requirement that all paying the same price shall have substantially the same comforts, privileges, and pleasures furnished to either class.

Action for the Wrongful Exclusion of a Passenger from a railroad car.

Logwood and wife are colored people living at Huntsville, Alabama. She bought a first-class ticket over the defendant's railroad to Courtland, but when she went on the platform of the ladies' car a brakeman, who had allowed several white ladies to enter, closed the door on Mrs. Logwood, and told her she must apply to the conductor of the train for permission to ride in that car, and that she could take a seat in the front car. According to her testimony and that of her witnesses, the conductor told her she must ride in the front car; that she told him she had always been allowed to ride in the ladies' car and thought she should be permitted to do so again, as she was sick and did not wish to ride in the front car, where there was swearing and smoking and whisky drinking, but that the conductor insisted upon her riding in the front car, and told her he would see that there was no swearing, smoking, or drinking.

According to the testimony of the conductor and the defendant's other witnesses, he told her he was busy then, but had always allowed her to ride in the ladies' car, and if she would be seated in the front car until he got through he would put her into the ladies' car. She

ordered her trunk off the baggage car, refused to take that train, and under instructions from her husband kept her ticket, bought another, and went to her destination on the next train in the ladies' car. Both Mrs. Logwood and the conductor testified that she had often traveled with him, and always rode in the ladies' car. The car in the rear was reserved for ladies, and such other passengers as were admitted to it. The front car was a general one, in which smoking was permitted, but on this particular occasion, according to the testimony of defendant, was newer and brighter, and in all respects equal to the rear one in appearance and comfort. Colored people were generally required to ride in the front car, unless objection was made by them, in which case proper persons were allowed to ride in the ladies' car, the plaintiffs always having been permitted to do so.

*W. M. Randolph*, for plaintiffs.

*Poston & Poston* and *L. W. Humes*, for defendant.

HAMMOND, J., (*charging the jury orally.*) Common carriers are required by law not to make any unjust discrimination, and must treat all passengers paying the same price alike. Equal accommodations do not mean identical accommodations. Races and nationalities, under some circumstances, to be determined on the facts of each case, may be reasonably separated; but in all cases the carrier must furnish substantially the same accommodations to all, by providing equal comforts, privileges, and pleasures to every class. Colored people and white people may be so separated, if carriers proceed according to this rule. If a railroad company furnishes for white ladies a car with special privileges of seclusion and other comforts, the same must be substantially furnished for colored ladies. All travelers have to submit to some discomforts and inconveniences, and should not be too exacting, but are entitled to polite treatment, free from any kind of indignity.

The brakeman on the train having referred Mrs. Logwood to the conductor, who was the proper officer to decide upon her right to ride in the ladies' car, and she having gone to him, the question in this case must be determined by what occurred between them; and if you believe from the proof that the conductor ratified the act of the brakeman by telling her she must ride in the front car, and would not be permitted to go into the ladies' car, the company is undoubtedly liable for damages, unless you conclude from the evidence that the front car was, under the rule already announced, equal to the ladies' car. But if you believe that the conductor told her that at his convenience he would admit her to the ladies' car, and there was no unreasonable delay or discomfort in so doing, the plaintiffs cannot recover in this case.

---

The court announced that it adopted the opinion of Judge MORRIS in the case of *The Sue*, 22 FED. REP. 843, as a proper statement of the law of this case, and it was read in argument before the jury.— [REP.