Pecsok v. Ertler.

The plaintiff prays to have it reversed.

The prayer is granted.

DUNLAP and WASHBURN, JJ., concur.

---

## VERDICT

[Cuyahoga (8th) Court of Appeals, February 7, 1919.]

Grant, Dunlap and Washburn, JJ.

PAUL PECSOK AND MARY PECSOK v. JOHN ERTLER.

**Defendants Cannot Complain That Verdict Reduced as Act of Grace was not Apportioned.**

When a verdict for injuries sustained was reduced by the trial judge *sua sponte* and not because deemed by him to be excessive, it is an act of grace or judicial clemency on his part and complaint does not lie in the mouths of the defendants because the benefits of the reduction were not apportioned among them.

ERROR to municipal court of Cleveland.

*David & Heald,* for plaintiffs in error.

*Strong, Desberg, Bernstein & Mooney,* for defendant in error.

**GRANT, J.**

In the court below the plaintiff there, defendant in this court, declared against both defendants, the present plaintiffs in error, for injuries resulting, as he said from an assault on him, committed by them, laying his damages in that respect at $700.

In a second cause of action he laid claim to $300 from the defendant Paul Pecsok only, for causing the plaintiff's arrest, malicously and falsely.

The case was tried to a jury. There was a verdict against both plaintiffs in error for $400 on the first cause of action and for $150 against Paul Pecsok alone, on the second cause of action.

The trial judge *sua sponte,* reduced the amount of the verdict by $150, generally, and entered judgment for the remainder of $400, first overruling a motion for a new trial.

The errors assigned in the briefs are, or appear to be first, that the court below reduced the amount of the verdict, but did not apportion the reduction among the two defendants, or designate which one was to be the beneficiary of it.

Cuyahoga County Appeals.

We do not think the complaint is available to those who make it. The question of amount being for the jury, unless the amount found by them is to be disturbed because unconscionably large, or unwarranted by the evidence, a court of review would have to uphold the verdict in its entire amount, as at first returned. So that, in that view, which is the view we take of this case, the reduction ordered by the court below can be regarded only as an act of grace or judicial clemency on his part, of which it does not lie in the mouth of the beneficiaries to complain. A litigant may not be heard to object to being done good to. His luck is not the less for having to share it with another in any proportion at all, provided some of it falls to him, if the amount at first found is not to be deemed excessive.

As the questions tried were wholly of fact and the testimony was in dispute, it was for the jury alone to resolve it and assess the consequences, within legally allowable bounds. We think those bounds were not transgressed in the present case.

It is said in the brief that as punitive damages could not be awarded in the first cause of action, no malice being averred in that, the reduction made by the court not being distributed among the two defendants, may have operated as a hardship on the woman who was not in fault under the second cause of action, that being the only one in which exemplary damages could have been allowed.

If this argument is comprehended, it has already been answered, the cutting down being an uncovenanted mercy, a sheer piece of good luck in any event, the objector having no ground of complaint if no part of it came to him.

Besides, it is more than doubtful, we think, whether exemplary damages may not be predicated of an assault, without in terms pleading the maliciousness of it. 2 Ruling Case Law, p. 582, states the principle underlying the rule thus:

"In most cases of assault and battery the actual physical injury suffered by the plaintiff is insignificant as compared to the mental suffering caused by the wantonness and malice of the defendant and the indignity, vexation and disgrace to which the plaintiff was subjected by the defendant's acts." *Chicago and N .W. Ry.* v. *Williams,* 55 Ill. 185 [8 Am. Rep. 641].

Second, it is complained that the judgment is so excessive in amount as to fall under the condemnation which the law annexes to deliverances made from the bad and corrupt motive of passion or prejudice. And our holding in *Cleveland Worsted Mills* v. *Coates,* 40 O. C. C. 610 (26 N. S. 353), is appealed to in support of the argument.

We distinctly declined to weigh the evidence in that case to see whether the bad motive had operated or not. We held that to so find, the verdict by the single force of its amount must be so large, in comparison with the visible case, as to shock the conscience of a reviewing court into the conclusive inference that the corrupt motive had intervened and coerced the verdict.

Such is not this case, as we view it.

We find no error of substance in the judgment under review. It is therefore, affirmed.

DUNLAP and WASHBURN, JJ., concur.