**SOLOMON v. PENNSYLVANIA R. CO. et al.**

District Court, S. D. New York.

July 22, 1948.

Conrad J. Lynn, of New York City, for plaintiff.

Stewart & Shearer, of New York City (James J. Mennis, of New York City, of counsel); for defendant Atlantic Coast Line R. Co.

GODDARD, District Judge.

This is a motion by the plaintiff to strike out the first separate and complete defense of the defendant, the Atlantic Coast Line Railroad Company, as being insufficient in law.

The complaint contains two causes of action which in substance allege that the plaintiff, a Negro lady, purchased in the Pennsylvania Station, New York City, a round trip ticket to Lakeland, Florida. The ticket was for a specific reserved seat in a specific car of the train commonly known as the "Champion". The plaintiff occupied her seat and rode without incident to Savannah, Georgia. Shortly after leaving Savannah, Georgia, a conductor requested the plaintiff to move to an all colored coach in another part of the train. When the plaintiff refused to go, the conductor called a porter to his aid, forcibly removed her baggage and compelled her to move to the all colored coach. The plaintiff sues for breach of contract of carriage and in tort for damages, and for humiliation and suffering.

The defendant, Atlantic Coast Line Railroad Company, admits, among other allegations not here material, that the plaintiff did possess a ticket for use on their lines. However, as an affirmative defense the Atlantic Coast Line Railroad Company asserts that the user of a ticket on their

**450**

line takes it subject to the reasonable rules and regulations of the railroad and that one of the rules and regulations of the defendant is that in certain states in which it operates its trains, separate accomodations equal in every respect are furnished for white and colored passengers. The defense then goes on to allege that the accommodations furnished the plaintiff were in every respect the equal furnished white persons, and that the accommodations furnished her in the coach reserved for colored persons were the equal in every respect to the accommodations she occupied in the coach set aside for white passengers.

The plaintiff's position seems to be that the cases of Morgan v. Virginia, 328 U.S. 373, 66 S.Ct. 1050, 90 L.Ed. 1317, 165 A.L. R. 574, and Matthews, et al. v. Southern Railway System, 81 U.S.App.D.C. 263, 157 F.2d 609, which hold that state segregation statutes covering both interstate and intrastate motor carriers or railroad carriers are invalid because they burden interstate commerce contrary to Art. 1, Sec. 8, Cl. 3 of the Constitution of the United States, makes a railroad company's segregation rule per se invalid. Morgan v. Virginia, supra, deals with a state statute and specifically recognized the right of a carrier to make reasonable rules and regulations. 328 U.S. 373, 377n12, 66 S.Ct. 1050, 90 L. Ed. 1317, 165 A.L.R. 574. This case reiterated the controlling effect of Chiles v. Chesapeake & Ohio Railroad, 218 U.S. 71, 30 S.Ct. 667, 54 L.Ed. 936, 20 Ann. Cas. 980, which held that a railroad could make reasonable rules and regulations as to the segregation of colored and white passengers in interstate travel.

The Morgan case did not pass on what was a reasonable rule or regulation. The question as to what is a reasonable rule or regulation is a mixed question of fact and law and cannot properly be decided on a motion testing the sufficiency of a defense. Brown v. M. & C. R. Co., C.C., 4 F. 37, 40; Brown v. Memphis & C. R. Co., C.C., 7 F. 51, 62; Gray v. Cincinnati Southern R. Co., C.C., 11 F. 683, 688; The Sue, D.C., 22 F. 843, 845; Logwood v. Memphis & C. R. Co., C.C., 23 F. 318, 319; Murphy v. Western & A. R. R., C.C., 23 F. 637; Hall v. Memphis & C. R. Co., C.C., 15 F.

57, 74, 75; see Ohage v. Northern Pac. Ry. Co., 8 Cir., 200 F. 128.

The plaintiff's motion is accordingly denied without prejudice to renewal upon trial.

Settle order on notice.